■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES KEARSE, Appellant. [626 NYS2d 88] —Judgment, Supreme Court, New York County (Ronald Zweibel, J.), rendered February 26, 1993, which convicted defendant, after a jury trial, of criminal sale of a controlled substance in the third degree and sentenced him, as a second felony offender, to a term of 4½ to 9 years, unanimously affirmed.

Viewing the evidence in a light most favorable to the People and giving them the benefit of every reasonable inference *(People v Malizia,* 62 NY2d 755, 757, *cert denied* 469 US 932), defendant's guilt was proven beyond a reasonable doubt by evidence that he intentionally aided his codefendant by steering an undercover officer to the codefendant for the purchase of cocaine *(People v Davis,* 202 AD2d 325, *lv denied* 83 NY2d 910), directing his codefendant to provide the undercover with drugs *(People v McDermott,* 192 AD2d 415, *lv denied* 81 NY2d 1076), acting as a lookout during the sale *(People v Lopez,* 200

AD2d 525, *lv denied* 83 NY2d 1005), and by remaining with his codefendant after the sale was consummated. This testimony provided legally sufficient evidence of defendant's complicity under Penal Law § 20.00 and demonstrated that defendant's interest in promoting the transaction and involvement therein went "beyond being a mere extension of the buyer" *(People v Tention,* 162 AD2d 355, 356, *lv denied* 76 NY2d 991). Moreover, upon an independent review of the facts, the verdict was not against the weight of the evidence *(People v Bleakley,* 69 NY2d 490).

Contrary to defendant's claim, the court did not abuse its discretion in permitting the undercover officers to testify anonymously. At the *Hinton* hearing, the People established that the undercover officers demonstrated a justifiable fear for their personal safety. *(People v Remgifo,* 150 AD2d 736.) In response, defendant argued that the officers' anonymity would unfairly suggest to the jury that defendant was a threat to the officers' safety. This claim was entirely speculative since it was just as likely that the jury could have interpreted the officers' anonymity as necessary due to the nature of their undercover activities. Since defendant failed to satisfy his burden of demonstrating that the witness' identity was material to the issue of his guilt or innocence *(People v Stanard,* 42 NY2d 74, 83-84, *cert denied* 434 US 986), the court's ruling was proper. Concur—Murphy, P. J., Rosenberger, Rubin, Tom and Mazzarelli, JJ.