■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RUBEN VASQUEZ, Appellant. [680 NYS2d 475] —Judgment, Supreme Court, New York County (Antonio Brandveen, J.), rendered February 16, 1996, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 6½ to 13 years, unanimously affirmed.

The court did not deprive defendant of a fair trial when it denied his application to redact a codefendant's statement to the undercover officer insofar as it allegedly contained evidence of prior crimes. The codefendant's brief statement, which did not directly implicate defendant and was explanatory of the interaction between the undercover officer and defendants, was not prejudicial to defendant's mistaken identity defense.

The court properly exercised its discretion in refusing to give an expanded identification charge. The identification issue was thoroughly addressed in summation and the court properly instructed the jury on the People's obligation to prove identity beyond a reasonable doubt (see, People v Knight, 87 NY2d 873).

The court properly exercised its discretion in permitting the undercover officer who purchased the controlled substance to testify anonymously. At the Hinton hearing, the undercover buyer demonstrated a justifiable fear for his safety and defendant did not sustain his burden of demonstrating the materiality of the officer's identity. We reject, as speculative, defendant's argument that the fact that, unlike the buyer, the "ghost" in the operation gave his name when testifying led the jury to conclude that the buyer had been threatened (see, People v Kearse, 215 AD2d 104, lv denied 86 NY2d 797).

We have examined defendant's other arguments and find them to be without merit. Concur—Tom, J. P., Mazzarelli, Andrias and Saxe, JJ.