■ The People of the State of New York, Respondent, v Willie White, Appellant. [706 NYS2d 391] —Judgment, Supreme Court, New York County (Antonio Brandveen, J.), rendered January 9, 1997, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 7½ to 15 years, unanimously affirmed.

The courtroom was properly closed during the undercover officer's testimony. The court's extensive findings were supported by the totality of the detailed evidence adduced at the *Hinton* hearing, which included testimony as to continuing investigations and connections between the undercover officer and the location of defendant's arrest. Moreover, the officer had numerous cases in the same courthouse, along with cases involving unapprehended suspects. Under all these circumstances, the fact that, as a result of a temporary reassignment, the officer's primary duties were located in another area did not require a different result (*see, People v Mitchell*, 266 AD2d 75). The record also supports the court's decision to permit the undercover officer to testify anonymously (*see, People v Kearse*, 215 AD2d 104).

The court properly exercised its discretion in permitting the arresting officer to give brief, limited, nonprejudicial expert testimony on relevant matters, followed by suitable jury instructions.

We have considered and rejected defendant's arguments relating to jury deliberations. The record fails to support defendant's claim that the verdict of this jury, which was never sequestered, was coerced in any manner by time constraints (*see, People v Agosto*, 73 NY2d 963).

We perceive no abuse of sentencing discretion. Concur— Rosenberger, J. P., Williams, Tom and Mazzarelli, JJ.