■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL CUMMINGS, Appellant. [707 NYS2d 402] —Judgment, Supreme Court, New York County (Richard Carruthers, J.), rendered June 1, 1998, convicting defendant, after a jury trial,

of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 6 to 12 years, unanimously affirmed.

The court properly directed, after a hearing, that the courtroom be closed during the testimony of the two undercover officers, with the exception of any identified members of defendant's immediate family, attorneys and members of the press who wished to attend the proceedings. The testimony at the *Hinton* hearing was sufficient to establish a substantial probability that the officers' safety and effectiveness would be prejudiced by their testimony in open court. Both officers had several other cases pending before the court, both had recently worked undercover in the same area where defendant was arrested and expected to resume undercover operations there in the near future (with one officer then engaged in a long-term undercover operation in the area), and both testified to taking specific precautions upon entering the courthouse to conceal their identities because they feared being recognized as police officers (*see, People v Ayala*, 90 NY2d 490, 499, *cert denied* 522 US 1002).

Further, in light of the foregoing circumstances, and since defendant failed to satisfy his burden of demonstrating that the witnesses' identity was material to the issue of his guilt or innocence, the court properly exercised its discretion in permitting the undercover officers to testify through the use of their badge numbers, rather than their names (*People v Kearse*, 215 AD2d 104, *lv denied* 86 NY2d 797). Defendant's remaining claims in connection with this determination are unpreserved and we decline to review them in the interest of justice. We note that any possibility of undue prejudice to defendant from the undercover officers' identification of themselves by badge number, rather than by name, was obviated by the court's instructions to the jurors that they were to draw no inference, favorable or unfavorable, toward the People or toward defendant from the use of this mere "convention."

We have considered the issues raised in defendant's *pro se* supplemental brief and find them without merit. Concur— Ellerin, J. P., Wallach, Lerner, Andrias and Saxe, JJ.