■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TARKISHA BROWN, Appellant. [715 NYS2d 18] —Judgment, Supreme Court, Bronx County (Robert Straus, J.), rendered February 4, 1999, convicting defendant, after a jury trial, of criminal sale of a controlled substance in or near school grounds, and sentencing her to a term of 2 to 6 years, unanimously affirmed.

There was sufficient indication that defendant may have acted with one or more accomplices in the drug transaction to justify the introduction of testimony by a police expert on the workings of street-level drug operations in order to explain the absence of buy money and drugs on defendant at the time of her arrest. The testimony was sufficiently limited in scope and did not suggest that defendant was involved in a large-scale drug operation (*see, People v Johnson*, 264 AD2d 632, 633, *lv denied* 94 NY2d 864; *People v McAllister*, 255 AD2d 241, *lv denied* 93 NY2d 876; *People v Smith*, 254 AD2d 127, *lv denied* 93 NY2d 878).

Defendant's statistical claim regarding the prosecutor's allegedly disproportionate use of peremptory strikes was insufficient to support a prima facie showing of purposeful discrimination, particularly in light of the racial makeup of the panel of prospective jurors. Defendant's assertion that none of the prospective jurors at issue demonstrated that they could not be

fair was likewise insufficient (*see, People v Childress*, 81 NY2d 263, 267-268). Thus, the court properly declined to require the prosecutor to offer race-neutral reasons for his peremptory challenges (*People v Bolling*, 79 NY2d 317, 320). Concur— Rosenberger, J. P., Nardelli, Ellerin, Lerner and Friedman, JJ.