■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NADINE MORALES, Also Known as NADINE PEREZ, Appellant. [721 NYS2d 350] —Judgment, Supreme Court, New York County (Ira Beal, J.), rendered January 20, 1998, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing her, as a second felony offender, to a term of 4½ to 9 years, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. The totality of defendant's behavior, along with that of the other participants, during and after the sale provided ample evidence that she and one of her two accomplices acted as steerers (see, People v Bello, 92 NY2d 523, 526; People v Gonzalez, 279 AD2d 273).

Brief and limited testimony by two police witnesses on the roles of participants in a typical street-level sale was admissible to explain the absence of buy money and drugs on defendant, as well as being relevant to contested issues at trial concerning accessorial liability (see, People v Wilson, 278 AD2d 65; People v Brown, 276 AD2d 429). Concur—Rosenberger, J. P., Andrias, Wallach, Rubin and Buckley, JJ.

■ In the Matter of BRUSCO WEST 78TH STREET ASSOCIATES, Appellant, v STATE OF NEW YORK DIVISION OF HOUSING AND COMMUNITY RENEWAL, Respondent. [721 NYS2d 232] —Order, Supreme Court, New York County (Robert Lippmann, J.), entered on or about May 4, 2000, which denied petitioner's application to annul respondent's determination denying petitioner maximum base rent increases for two rent-controlled apartments, unanimously affirmed, without costs.

The record shows that respondent did consider all of the items of proof offered by petitioner bearing upon its correction of Code violations, including letters from tenants "indicating violation removal," as invited in respondent's forms, but found the proof insufficient to show correction of all rent impairing violations and at least 80% of all other violations (Administrative Code of City of NY § 26-405 [h] [6]; 9 NYCRR 2202.3 [h]). This finding was not irrational. At best, petitioner's evidence permitted a different finding with respect to a fact-intensive issue falling within the area of respondent's expertise (see, Matter of West Vil. Assocs. v New York State Div. of Hous. & Community Renewal, 277 AD2d 111). Concur—Rosenberger, J. P., Andrias, Wallach, Rubin and Buckley, JJ.