■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOPHER WRIGHT, Appellant. [732 NYS2d 225] —Judgment, Supreme Court, New York County (Bonnie Wittner, J.), rendered October 20, 1999, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 4½ to 9 years, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. The evidence clearly established that defendant acted as a steerer and order taker in a three-person drug operation (*see, People v Bello*, 92 NY2d 523). To the extent that defendant is claiming that the evidence failed to disprove the agency defense, we note that no such defense was raised at trial and that no such instruction was requested by defendant or delivered by the court. Accordingly, this argument may not be raised for the first time on appeal (*see, People v Miranda*, 243 AD2d 287, *lv denied* 91 NY2d 877; *see also, People v Noble*, 86 NY2d 814). In any event, there was no evidence to support an agency defense (*see, People v Herring*, 83 NY2d 780). Furthermore, there was no reason for the court to deliver an agency charge *sua sponte* (*see, id.*), especially since defendant testified and asserted a completely different defense (*see, People v DeGina*, 72 NY2d 768).

The court properly exercised its discretion in permitting the undercover officer to testify anonymously, identified only by his shield number. The officer's testimony at the *Hinton* hearing established that he had a justifiable fear for his personal safety, and there was no reason to believe that this minimal security measure would cause the jury to draw an unfavorable inference against defendant (*see, People v Stanard*, 42 NY2d 74, 83-84,

*cert denied* 434 US 986; *People v Kearse*, 215 AD2d 104, *lv denied* 86 NY2d 797). Defendant did not preserve his current claim that the grant of anonymity violated his confrontation rights by preventing him from effectively cross-examining the officer and we decline to review it in the interest of justice. Were we to review this claim, we would find that defendant has not established any necessity for disclosure of the officer's identity. Concur—Sullivan, P. J., Nardelli, Ellerin, Rubin and Friedman, JJ.