■ The People of the State of New York, Respondent, v Curtis Cooper, Appellant. [740 NYS2d 202] —Judgment, Supreme Court, New York County (John Cataldo, J.), rendered March 22, 2000, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 6 to 12 years, unanimously affirmed.

The People made a sufficiently particularized showing to warrant closure of the courtroom during the testimony of the undercover officers, as the evidence at the *Hinton* hearing established that each undercover officer continued to work in the area of defendant's arrest, each had pending cases in the courthouse and each had unapprehended suspects remaining at large from the area of defendant's arrest (*see, People v*

*Ramos*, 90 NY2d 490, 498, *cert denied sub nom. Ayala v New York*, 522 US 1002; *People v White*, 271 AD2d 263, *lv denied* 95 NY2d 872).

The court properly admitted limited, nonprejudicial background testimony regarding the operations of street-level drug sales (*see, People v Kelsey*, 194 AD2d 248). This testimony was necessary to explain why defendant had given the money he received from the undercover officer to the codefendant and was relevant to explain the participants' roles in this case where accessorial liability was a material issue (*see, People v Wilson*, 278 AD2d 65, 66, *lv denied* 96 NY2d 789).

We perceive no basis for a reduction of sentence. Concur—Tom, J.P., Andrias, Buckley, Wallach and Lerner, JJ.