■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAYMOND MELENDEZ, Appellant. [792 NYS2d 74]—

Judgment, Supreme Court, New York County (Rena K. Uviller, J.), rendered April 10, 2002, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, criminal sale of a controlled substance in or near school grounds and criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony offender, to concurrent terms of 4½ to 9 years, unanimously affirmed.

The verdict was not against the weight of the evidence (*see People v Bleakley*, 69 NY2d 490 [1987]). The evidence warrants the inference that defendant, who offered to sell drugs to the undercover officer, brought the officer to the codefendant and accepted the officer's money, was working together with the co-

defendant, who supplied the drugs after defendant's initial attempt to sell the officer fake drugs (*see People v Bello*, 92 NY2d 523 [1998]). The fact that defendant and the codefendant had an argument does not undermine the conclusion that they were working together.

The court properly exercised its discretion in receiving the undercover officer's brief and limited background testimony regarding the typical practices of street-level drug dealers, since this was a matter outside the knowledge of a typical juror, and was relevant to the contested issue of accessorial liability (*see People v Cooper*, 293 AD2d 359 [2002], *lv denied* 98 NY2d 696 [2002]; *People v Morales*, 281 AD2d 165 [2001], *lv denied* 96 NY2d 904 [2001]; *People v Wilson*, 278 AD2d 65 [2000], *lv denied* 96 NY2d 789 [2001]).

The court's *Sandoval* ruling balanced the appropriate factors and was a proper exercise of discretion (*see People v Hayes*, 97 NY2d 203 [2002]; *People v Walker*, 83 NY2d 455, 458-459 [1994]; *People v Pavao*, 59 NY2d 282, 292 [1983]). The court permitted the People to elicit matters that were highly probative of defendant's credibility and that reflected only a portion of his extensive record.

Defendant's remaining contentions are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would reject them. We note, however, that the no-inference charge, to which no exception was taken, was unduly prolix and fraught with the potential for misinterpretation. Concur—Buckley, P.J., Tom, Andrias, Friedman and Sullivan, JJ.