■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOPHER LOMNICKI, Appellant. [856 NYS2d 70]—

Judgment, Supreme Court, New York County (Daniel P. FitzGerald, J.), rendered June 30, 2006, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him to a term of three years, unanimously affirmed.

The court properly granted the People's request that potential spectators other than defendant's family submit to a screening process before entering the courtroom during the undercover officer's testimony. The People made a proper showing under *Waller v Georgia* (467 US 39 [1984]) to justify such a procedure. The officer testified at a *Hinton* hearing (*People v Hinton*, 31 NY2d 71 [1972]) that he had worked undercover in the area of defendant's arrest as recently as one to two weeks before the hearing, and he expected to return to that area as early as the next day. Moreover, the courthouse was easily accessible from both the area where the undercover officer predominantly worked, near the Port Authority (*see People v Pearson*, 82 NY2d 436, 443 [1993]), and the area where defendant was arrested, near Tompkins Square Park. He also had three or four cases pending in the courthouse, and took precautions when coming to court (*see People v Cummings*, 271 AD2d 305 [2000], *lv denied* 95 NY2d 864 [2000]; *People v White*, 271 AD2d 263 [2000], *lv denied* 95 NY2d 872 [2000]).

We perceive no basis for reducing the sentence. Concur—Andrias, J.P., Friedman, Buckley, Catterson and Acosta, JJ.