■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAYMUNDO GARCIA, Appellant. [1 NYS3d 96]—

Judgment, Supreme Court, New York County (Daniel P. FitzGerald, J.), rendered April 29, 2011, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony drug offender, to a term of eight years, unanimously affirmed.

The verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's determinations concerning credibility. Defendant responded to the undercover buyer's inquiry about purchasing drugs, ascertained the amount of drugs the buyer wanted, brought the buyer to the codefendant, vouched for the buyer, took cash from the buyer, transferred the cash to the codefendant, obtained drugs from the codefendant and gave them to the buyer. Based on this evidence, the jury properly found that defendant participated in the drug sale, by, at the very least, acting as a steerer (see e.g. People v Felix, 277 AD2d 131 [1st Dept 2000], lv denied 96 NY2d 734 [2001]; People v Williams, 266 AD2d 97 [1st Dept 1999], lv denied 94 NY2d 886 [2000]), as well as by actually exchanging drugs for money. To the extent that defendant's weight of the evidence argument can be construed as raising an agency defense, we note that no such defense was raised at trial or submitted to the jury. This defense may not be raised for the first time on appeal (People v Wright, 288 AD2d 28 [1st Dept 2001], lv denied 97 NY2d 735 [2002]), and we find it unavailing in any event.

We perceive no basis for reducing the sentence. Concur— Tom, J.P., Saxe, Feinman, Clark and Kapnick, JJ.