THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v YOLANDA OSTOLOZA, Appellant. [51 NYS3d 878]—

Judgment, Supreme Court, New York County (Daniel P. Conviser, J.), rendered January 6, 2015, as amended March 11, 2015, convicting defendant, after a nonjury trial, of promoting prostitution in the second degree and endangering the welfare of a child, and sentencing her to an aggregate term of 1 to 3 years, unanimously affirmed.

Defendant's legal sufficiency claim relating to her conviction of promoting prostitution, which is essentially a statutory interpretation argument not implicating the mode of proceedings, is unpreserved, and we decline to review it in the interest of justice. As an alternative holding, we reject it on the merits. We also find that the verdict was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348 [2007]). There is no merit to defendant's argument that the clause "acting other than as a person in prostitution" in Penal Law § 230.15 (1) creates an exemption from liability for a defendant who personally engages in prostitution, separately from the acts that form the basis of a promoting prostitution charge. In any event, there was no evidence that defendant offered her own services as a prostitute to any particular person.

The court properly exercised its discretion in permitting an undercover officer to testify from behind a partition that prevented spectators from seeing him. This procedure did not violate defendant's right to a public trial, because all members of the public were permitted to be present and hear the officer testify (*see People v Tocco*, 258 AD2d 374, 375 [1st Dept 1999],

*lv denied* 93 NY2d 980 [1999], *cert denied* 528 US 968 [1999]). The officer's testimony at a *Hinton* hearing established a justifiable fear for his personal safety in the absence of any measure to protect his identity (*see People v Kearse*, 215 AD2d 104 [1st Dept 1995], *lv denied* 86 NY2d 797 [1995]). To the extent the test set forth in *Waller v Georgia* (467 US 39, 48 [1984]) could be applicable to a procedure in which no one is actually excluded from the courtroom, we find that the safety concern was sufficiently overriding to warrant the minimally restrictive measure at issue. The court also reasonably rejected, as impracticable and unreliable, defendant's proposed alternative of posting a court officer outside the courtroom to screen prospective spectators. Concur—Friedman, J.P., Moskowitz, Manzanet-Daniels, Kapnick and Webber, JJ.