■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD FLOYD, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Collins, J.), rendered February 17, 1984, convicting him of robbery in the first degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which sought to suppress certain identification evidence.

Judgment affirmed.

There is sufficient evidence in the record to support the suppression court's finding that neither the photographic array viewed by the complainant on August 28, 1982, nor the lineup conducted at the Nassau County Police Department in Mineola on December 17, 1982, was impermissibly suggestive or conducive to irreparable misidentification *(see, Stovall v Denno,* 388 US 293, 301-302). Even assuming, arguendo, that the photographic procedure was unduly suggestive, the lineup identification, which was made approximately four months after the photographic procedure, was sufficiently attenuated and was not itself suggestive *(see, People v Ruffino,* 110 AD2d 198, 201; *People v Johnson,* 106 AD2d 469). Since we find that the pretrial procedures were not the product of any police impropriety likely to have caused the complainant to misidentify the defendant as the perpetrator of the robbery, we need not address the issue of whether the People established by clear and convincing proof that an independent source existed for the complainant to make an in-court identification of the defendant *(see, People v Wright,* 112 AD2d 179; *People v Jackson,* 108 AD2d 757, 758). Thompson, J. P., Rubin, Eiber and Spatt, JJ., concur.