■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALBERTO PRESTO, Appellant.—Appeal by the defendant from a judgment of the County Court, Westchester County (Colabella, J.), rendered June 1, 1983, convicting him of criminal sale of a controlled substance in the third degree (four counts), and criminal possession of a controlled substance in the third degree (four counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The charges in this case stem from two separate incidents in which the defendant sold cocaine to undercover police officers. At the pretrial Wade hearing, the court conducted an in camera hearing to determine whether an undercover officer should be permitted to use a fictitious name at the hearing because of threats to his life. The defendant's right to confront the officer was not violated because the court permitted the officer to use a fictitious "street name". The defendant's right to confront this witness was not violated. A restriction on cross-examination with respect to an inquiry as to a witness's name imposed out of fear for the personal safety of the witness constitutes a sufficient cognizable interest of the State to shift the burden of proving the materiality of the requested information to the defendant (see, People v Andre W., 44 NY2d

179, 185-186; *People v Stanard,* 42 NY2d 74, 84-85, *cert denied* 434 US 986). The officer's name was not material to the *Wade* hearing, especially where, as here, the defendant had a full opportunity to cross-examine the officer and where the officer testified to much of the same facts at the trial using his real identity.

Additionally, upon the exercise of our factual review power we are satisfied that the evidence established the defendant's guilt beyond a reasonable doubt and that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]).

The defendant's remaining contentions are unpreserved for appellate review, and we decline to exercise our power to review them in the interest of justice. Lawrence, J. P., Weinstein, Rubin and Kooper, JJ., concur.