■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARRELL LOREN NEESE, Appellant.—Appeal by the defendant from a judgment of the County Court, Dutchess County (Vogt, J.), rendered May 13, 1985, convicting him of sexual abuse in the first degree (two counts), and criminal trespass in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress certain identification testimony.

Ordered that the judgment is affirmed.

The defendant challenges the propriety of the hearing court's decision to permit the complainant and two other witnesses, Mitzie Lau and Sheri Watson, to make in-court identifications of him.

Initially, we find that the hearing court properly declined to suppress the complainant's in-court identification testimony. There is no evidence in the record to indicate that the photographic array and the lineup which were viewed by the complainant were impermissibly suggestive or conducive to irreparable misidentification (see, Stovall v Denno, 388 US 293, 301-302). Since we find that the police procedures were not improper we need not address the issue of whether the People met their burden of establishing that an independent source existed for the complainant to make an in-court identification of the defendant (see, People v Floyd, 122 AD2d 71; People v Jackson, 108 AD2d 757).

The People concede that Mitzie Lau's pretrial showup identification of the defendant was the result of improper police procedures. Thus we need only address the issue of whether an independent basis existed for Lau's in-court identification. The record shows that Lau was able to view the defendant under satisfactory lighting conditions for 10 to 20 seconds and that she was able to give a detailed and fairly accurate description of the defendant. Furthermore, Lau was able to make a tentative identification of the defendant after viewing a properly conducted photographic array containing a 10-year-old photograph of him. Given the above facts, the hearing court's finding that Lau had an independent basis for her identification was not clearly erroneous and thus it should not be disturbed on appeal (see, People v Muriell, 128 AD2d 554, 555, lv denied 70 NY2d 652).

However, we find that the court erred in finding that the police procedures which resulted in the pretrial identification of the defendant by Sheri Watson were not impermissibly suggestive. The record shows that Watson did not identify the defendant after viewing the photographic array. After viewing a series of pictures which had been taken of the lineup she made an equivocal identification of the defendant. Thereafter a police officer told her that she had selected the person "they were looking for". Subsequently, she viewed the photographs again and made a positive identification of the defendant. This identification was clearly tainted by the officer's improper suggestion. We further find that under the circumstances of this case, the People did not meet their burden of establishing by clear and convincing evidence that Watson had an independent origin for her in-court identification.

Nevertheless, reversal is unwarranted. The complainant, who had ample opportunity to view the perpetrator in close quarters during the commission of the crime, positively identified the defendant as the perpetrator. Additionally, Lau, who had ample opportunity to view the perpetrator, also made an unequivocal in-court identification of the defendant as the person she had observed near to the crime scene within the relevant time frame. Moreover, the issue of pretrial identification was sufficiently litigated before the jury, as was the issue of the in-court identification, to permit the jury to properly pass upon the reliability of these identifications. Under these circumstances, we find that there was no reasonable possibility that the error might have contributed to the defendant's conviction and it was thus harmless beyond a reasonable doubt (see, People v Crimmins, 36 NY2d 230). Mangano, J. P., Thompson, Brown and Sullivan, JJ., concur.