■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SOLOMON REMGIFO, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Chetta, J.), rendered June 4, 1987, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

At trial, the defendant objected to the court ruling which allowed the undercover officer, to whom he had sold cocaine to testify anonymously. The undercover officer testified that he did not want his name revealed in open court, that he was still an undercover officer making drug buys in the vicinity of the subject "buy and bust" operation, and that he was still assigned to the same special police unit as he had been when he made the buy from the defendant in this case.

The court properly allowed the undercover officer to testify anonymously. Where, as here, there has been a showing that a witness' justifiable fear for his personal safety constitutes a sufficiently cognizable interest of the State, the burden of establishing the materiality of the revelation of the witness' name is shifted to the defendant (see, People v Stanard, 42 NY2d 74). The defendant has not established that the name of the undercover officer was material in any way to the issues raised at the trial including his right to a fair trial.

The defendant's remaining contention, that he was denied a fair trial by being cross-examined about his prior use of cocaine, is unpreserved for appellate review (see, People v Balls, 69 NY2d 641). Moreover, reversal in the interest of justice is not warranted. Bracken, J. P., Lawrence, Harwood and Balletta, JJ., concur.