■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

DEVON EDWARDS, Appellant. [604 NYS2d 271] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Hall, J.), rendered June 13, 1991, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant argues that in this case, where a single sale of narcotics was charged, the trial court erred in admitting into evidence $98 in cash, which was recovered from one of his accomplices. We agree. The prejudicial effect of the admission into evidence of the money, which seemed to suggest that the defendant and the accomplices had engaged in other, uncharged narcotics sales, clearly outweighed whatever probative value it may have had (see, People v Berry, 182 AD2d 824; People v Valderama, .161 AD2d 820; People v Morales, 133 AD2d 90; People v Brown, 71 AD2d 918; People v Jones, 62 AD2d 356). However, this error was harmless in view of the overwhelming evidence of the defendant's guilt, and there is no significant probability that but for this error the defendant would have been acquitted (see, People v Crimmins, 36 NY2d 230; People v Berry, supra).

The defendant's remaining contentions, including those raised in his supplemental pro se brief, are either unpreserved for appellate review or without merit (see, CPL 470.05 [2]; People v Gissendanner, 48 NY2d 543; People v Robles, 110 AD2d 916, affd 65 NY2d 1045; People v Ocasio, 47 NY2d 55; People v Suitte, 90 AD2d 80). Mangano, P. J., Sullivan, O'Brien and Ritter, JJ., concur.