■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHNNY RAY ROBINSON, Appellant. [615 NYS2d 451] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Aiello, J.), entered July 12, 1990, convicting him of enterprise corruption, murder in the second degree (three counts), assault in the first degree, and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence. This appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

There is sufficient evidence to support the hearing court's determination that neither the photographic array viewed by a witness on February 16, 1989, nor the lineup conducted on December 19, 1989, was impermissibly suggestive. Despite the fact that the defendant failed to preserve this issue for appellate review (see, People v Russell, 79 NY2d 1024), we find that any potential for suggestiveness by the two viewings was attenuated by the over ten-month period between the viewing of the photographic arrays and the lineup (see, People v Floyd, 122 AD2d 71).

Where there has been a showing that divulging a witness's name raises a justifiable fear for his or her own safety, the burden of establishing the materiality of the pretrial revelation of the witness's name shifts to the defendant (see, People v Remgifo, 150 AD2d 736). In this case, the People established that there was a manifest danger if a certain witness's identity was divulged and the defense was provided with all of her statements and prior criminal history following the pretrial hearings. The defendant made no showing of any necessity for ascertaining her name. Further, the hearing court ruled that the defense attorneys might interview her at the District Attorney's office without their clients present. As such, no conceivable prejudice inured to the defendant who, even with the benefit of hindsight following a trial, cannot articulate a reason for his need to have known the witness's name prior to trial. We, therefore, find no error in the court's ruling.

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt *(see, People v Breland,* 83 NY2d 286). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (CPL 470.15 [5]).

We have considered the remaining contentions raised by the defendant, including his claim that the sentence imposed is excessive, and find that they are either unpreserved for appellate review or without merit. Sullivan, J. P., Balletta, Joy and Friedmann, JJ., concur.