■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMAL MARTIN, Appellant. [627 NYS2d 774] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Sherman, J.), rendered August 12, 1991, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant failed to preserve for appellate review the issue of the legal sufficiency of the evidence *(see,* CPL 470.05 [2]). In any event, viewing the evidence in the light most favorable to the People *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. The defendant contends that the People's witnesses should not have been believed by the jury. However, resolution of issues of credibility, as well as the

weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses *(see, People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record *(see, People v Garafolo,* 44 AD2d 86, 88). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (CPL 470.15 [5]).

The defendant additionally failed to preserve for appellate review the issue of whether the court improperly allowed testimony concerning the contents of certain police radio transmissions in which he was described *(see,* CPL 470.05 [2]). In any event, the court properly permitted such testimony to explain why the arresting officer arrested the defendant and to avoid speculation by the jury *(see, People v Burrus,* 182 AD2d 634; *People v Love,* 92 AD2d 551, 553).

The People correctly concede that the evidence that the defendant possessed money at the time of his arrest, other than the pre-recorded purchase money, should not have been admitted since he was charged with a single sale of narcotics *(see, People v Edwards,* 199 AD2d 334). This error, however, was harmless in view of the overwhelming evidence of the defendant's guilt. There is no significant probability that but for this error the defendant would have been acquitted *(see, People v Edwards, supra; People v Crimmins,* 36 NY2d 230).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Bracken, J. P., Copertino, Krausman and Florio, JJ., concur.