OPINION OF THE COURT
Lawrence J. Finnegan, Jr., J.
Defendants, Andre Lewis and Dejan Brown, were indicted, *543 acting in concert, for criminal sale of a controlled substance in the third degree (one count).
On October 4, 1996, an undercover police officer observed the defendants in an alleged drug transaction with a third individual. Defendant Lewis allegedly took the money from the buyer and then instructed defendant Brown to give the cocaine to the buyer. At the time of arrest no controlled substance was recovered from either defendant. Defendant Lewis did not have any money in his possession, however, $190 of United States currency was recovered from defendant Brown.
At trial, the court initially prohibited the People from introducing the fact that $190 was recovered from the person of defendant Brown at the time of his arrest.
During the cross-examination of the arresting officer, counsel for codefendant Lewis elicited that her client was found with no money or drugs in his possession at the time of his arrest. She contended that her questions upon cross-examination were specific and that the arresting officer’s responses were true statements. These questions were relevant to the defense and deliberately tailored to avoid any inference regarding defendant Brown.
Counsel for defendant Brown then asked the officer if any drugs were recovered from his client to which the officer replied in the negative. On redirect the prosecution sought to elicit that currency was found on defendant Brown’s person to correct the impression that defendant was not in possession of money. They contend that defendant "opened the door” to such evidence after he had been specifically warned by this court of such possibility.
Defendant’s attorney argued that introducing the money found in his client’s possession was error on the prosecution’s redirect examination. He cited People v Jones (62 AD2d 356) and People v Valderama (161 AD2d 820) in which the court did not allow the People to introduce, on their direct case, the amount of money found on a defendant who was charged with a single sale. The evidence was held inadmissible because it tended to show the defendant was engaged in the continuous business of selling narcotics, one or more uncharged crimes and was therefore prejudicial.
The court initially ruled that the money found on one of the defendants could not come in during direct examination by the People based upon case law prevailing in the Second Department (People v Edwards, 199 AD2d 334). The cases cited by de *544 fendant are consistent with that ruling. In the present case, the defense counsel, during cross-examination, opened the door for the People to bring in the amount of money found on one of the defendants. By the tandem cross-examination of the arresting officer by defense counsel, there is an impression that this jury could draw but that there was no money on either defendant and inferentially that there was no drug sale. Since this is an unfair inference to leave with the jury, the amount of money found on defendant Brown is now admissible on the People’s redirect examination of the officer.
Additionally, this court will charge the jury regarding the limited purposes for which the evidence is admitted.
Accordingly, the court will allow the People to introduce into evidence the amount of the money found on the defendant.