■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDRE LEWIS, Appellant. [692 NYS2d 656] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Finnegan, J.), rendered October 9, 1997, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law and as a matter of discretion in the interest of justice, and a new trial is ordered.

The jury requested a readback of the "testimony of [the] undercover police officer in regard to the events leading to and following [the] drug transaction up to [the] arrests". The readback directed by the Supreme Court did not include certain testimony elicited on cross-examination of the undercover officer. This testimony, contrary to the arguments advanced by the People, was clearly within the scope of the jury's request. Considering all the circumstances of this case, including the quantity and quality of the evidence presented, which was not, in our view, overwhelming, the relevance of the testimony omitted from the readback to the officer's credibility, and the multitude of other errors which occurred at trial, we find that the prejudice to the defendant was sufficient to warrant a new trial even assuming that the defendant's contention was not properly preserved for appellate review (*see generally, People v Lourido,* 70 NY2d 428; *People v Malloy,* 55 NY2d 296, *cert denied* 459 US 847; *People v Razack,* 196 AD2d 897; *People v Arcarola,* 96 AD2d 1081; *cf., People v Starling,* 85 NY2d 509).

We also agree with the defendant that the trial court erred in summarily denying his request for the production of a Grand

Jury synopsis sheet without conducting an in camera review of the document or a voir dire of its author to determine whether it constituted *Rosario* material (*see, People v Adger,* 75 NY2d 723; *People v Clark,* 215 AD2d 400; *People v Shaw,* 196 AD2d 558; *People v Liles,* 145 AD2d 509). The Supreme Court should follow this procedure prior to a new trial.

We also agree with the defendant that the court erred in allowing the People to introduce $190 recovered from the codefendant Dejan Brown (*see, People v Brown,* 262 AD2d 569 [decided herewith]). The general rule is that the People may not introduce evidence of unmarked money recovered from a defendant charged with a single sale of narcotics (*see, People v Martin,* 216 AD2d 329; *People v Valderama,* 161 AD2d 820). Contrary to the arguments made by the People on appeal, the circumstances of this particular case are not such as to remove it from the ambit of the general rule.

We also find that the prosecutor improperly asked a witness whether defense counsel had offered him money or drugs in return for his testimony, and this incident, it goes without saying, is not to be repeated at any subsequent trial.

Accordingly, the judgment should be reversed and a new trial is ordered. Bracken, J. P., O'Brien, Krausman and McGinity, JJ., concur.