■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SIMON DEJESUS, Also Known as SIMON GORIS, Appellant. [757

NYS2d 852] —Judgment, Supreme Court, New York County (Daniel FitzGerald, J.), rendered January 19, 2000, convicting defendant, after a jury trial, of criminal sale of a controlled substance in or near school grounds, criminal possession of a controlled substance in the third and fourth degrees, criminal sale of marijuana in the fourth degree and unlawful possession of marijuana, and sentencing him, as a second felony offender, to an aggregate term of 6 to 12 years, unanimously affirmed.

The People made a sufficiently particularized showing to warrant closure of the courtroom during the testimony of the undercover officer, as the evidence at the *Hinton* hearing established that she expected to continue operations in the vicinity of defendant's arrest in the near future, had open cases and lost subjects from the area, had pending cases in the courthouse, had been threatened in the past in the area of defendant's arrest, and had come to the courtroom with precautions taken to conceal her identity (*see People v Ayala,* 90 NY2d 490 [1997], *cert denied* 522 US 1002 [1997]). The People also established that the officer's safety would be compromised by the presence of defendant's brother, who had a prior involvement in drug trafficking, and a family friend who lived in the vicinity of defendant's arrest (*cf. People v Garcia,* 95 NY2d 946 [2000]). As evidenced in the record, the relationship between the friend and defendant was too remote to warrant the "heightened showing" (*see Sevencan v Herbert,* 316 F3d 76, 78 [2002]; *Yung v Walker,* 296 F 3d 129, 136 [2002]; *cf. Yung v Walker* [*Yung III*], 2002 WL 31778816, *6-7, 2002 US Dist LEXIS 23809, *16-21 [SD NY, Dec. 11, 2002] [ability of nonfamily member to make it easier to identify undercover officer sufficient to justify closure as to public at large, but heightened showing required for family member]) that is required when actual family members are excluded from a criminal trial pursuant to a limited closure order.

We have considered and rejected the argument raised in defendant's pro se supplemental brief. Concur—Nardelli, J.P., Tom, Ellerin, Friedman and Marlow, JJ.