■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN WASHINGTON, Appellant. [774 NYS2d 87]—

Appeal by the defendant from a judgment of the County Court, Orange County (Rosenwasser, J.), rendered May 18, 2001, convicting him of criminal possession of a controlled substance in the fourth degree and aggravated unlicensed operation of a motor vehicle in third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered.

The defendant was charged, inter alia, with criminal possession of a controlled substance in the fourth degree, in that he possessed one eighth of an ounce or more of a substance containing cocaine (see Penal Law § 220.09 [1]). At the trial, he acknowledged that he did in fact possess five bags containing cocaine, which were found on his person and which had an aggregate weight of less than one eighth of an ounce. He denied that he possessed an additional four bags of cocaine which were found under the seat of the patrol car where he sat as he was transported to the precinct. The aggregate weight of the substance found in the patrol car and the substance found on his person was more than one eighth of an ounce.

Prior to the trial, the trial court ruled that some marihuana and $1,137 recovered from the defendant's person would not be admitted in evidence unless the defendant opened the door to the admission of that evidence. The court noted that since the defendant was not charged with possession of cocaine with intent to sell, recovery of the money was not relevant. In his opening statement, the defense counsel argued that the defendant possessed only the cocaine found on his person, which amounted to less than one eighth of an ounce. He further acknowledged that the officers found what "looked like marihuana" on the defendant's person but the four bags of cocaine under the back seat of the patrol car were not the defendant's.

Based upon those comments, the trial court ruled that the People could introduce the marihuana and $1,137 recovered from the defendant's person in evidence. The defense counsel consented to introduction of evidence of the marihuana "because I did say that" but renewed his objection to the introduction in evidence of the $1,137 in cash on relevancy grounds. The trial court found that evidence of the marihuana

and the cash was both irrelevant and prejudicial but nevertheless admissible since the defense counsel "opened on it, for reasons best known" to him.

On direct examination, the arresting officer testified that he retrieved $1,137 from the defendant's front pants pocket along with a green leafy substance later determined to be marihuana. Thereafter, the prosecutor in his summation argued over objection that the defendant admitted he was in possession of marihuana and $1,137 in cash. The prosecutor further argued that the defendant was "a walking drug store" which prompted a motion for a mistrial which was denied.

Since the defendant was charged with possession and not sale or intent to sell, evidence that he was in possession of a large sum of cash was irrelevant and highly prejudicial since it suggested that the defendant was involved in the sale of illegal drugs (*see People v Morales,* 133 AD2d 90, 91 [1987]; *see also People v Alfonso,* 270 AD2d 280 [2000]; *People v Lewis,* 262 AD2d 584, 585 [1999]; *People v Edwards,* 199 AD2d 334, 335 [1993]). Evidence that the defendant possessed marihuana did not open the door to evidence indicating that he was involved in drug sales and the prosecutor's inflammatory argument that the defendant was "a walking drug store."

Under the facts of this case, these errors cannot be deemed harmless.

The defendant's remaining contentions either are without merit, or need not be addressed in light of our determination. Ritter, J.P., Goldstein, Townes and Crane, JJ., concur.