[821 NE2d 934, 788 NYS2d 630]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN WAVER, Also Known as JOHN WEAVER, Appellant.

Decided November 23, 2004

## APPEARANCES OF COUNSEL

*Robert S. Dean*, New York City, for appellant.

*Robert M. Morgenthau, District Attorney*, New York City (*Sheryl Feldman* and *Alan Gadlin* of counsel), for respondent.

## OPINION OF THE COURT

MEMORANDUM.

The order of the Appellate Division should be reversed, and a new trial ordered.

Defendant allegedly sold cocaine to an undercover officer during a buy-and-bust operation. The operation involved one undercover officer who purchased the drugs from defendant, as well as two other undercover officers who functioned as ghosts (i.e., they watched the transaction secretly to ensure the buying officer's safety). Following arrest, indictment and denial of suppression, defendant waived a jury trial, choosing to be tried by the court.

The People called the undercover buyer at trial. When the officer took the stand, the court clerk asked him to state only his shield number and command, and the officer testified anonymously throughout direct examination. Before beginning cross-examination, defense counsel told the court that he had noticed during direct examination that the prosecutor had identified the undercover officer by his shield number, not his name. Counsel asserted that "[m]y client has a constitutional right to confront his accuser. There has been no motion made by the People to withhold this information. I don't see any reason why it should be withheld." The court denied counsel's application, stating that "it's incumbent upon you under the case law to show that some prejudice will ensue. Having made your application, having failed to demonstrate any prejudice, I'll permit this officer and the others to testify under their undercover number."

On appeal, defendant claimed that his Sixth Amendment right to confrontation had been violated by the anonymous testimony of the two officers, and that the trial court had erred by not

requiring the People to show a need for anonymous testimony. The Appellate Division affirmed defendant's conviction. While agreeing with defendant that the trial court should have required the People to make a showing of need, the Appellate Division concluded that defendant's right of confrontation had not been prejudiced, "particularly since the direct testimony provided the necessary predicate to allow each officer to testify under his shield number" (3 AD3d 360, 361 [1st Dept 2004]).

In *People v Stanard* (42 NY2d 74 [1977]), we set out the sequential steps that must be followed whenever the People seek to shield a witness's identity, address and/or occupation. First, the People must "come forward with some showing of why the witness should be excused from answering the question. Excuse may arise from a showing that the question will harass, annoy, humiliate or endanger the witness" (*id.* at 84). Then the burden shifts to the defense "to demonstrate the materiality of the requested information to the issue of guilt or innocence" (*id.*). Finally, the trial court must balance the defendant's right to cross-examination with the witness's interest in some degree of anonymity. Here, the People did not satisfy their burden of showing the need for anonymity. The sequential three-step inquiry mandated by *Stanard* was not undertaken, and this is reversible error. When the requirements of *Stanard* have not been met, a finding of harmless error is not warranted where, as here, the testimony of the anonymous witness is central to the People's case and defendant's ability to cross-examine the anonymous witness is purely speculative.

Chief Judge KAYE and Judges G.B. SMITH, CIPARICK, ROSENBLATT, GRAFFEO, READ and R.S. SMITH concur in memorandum.

Order reversed, etc.