■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARLOS MONTOYA, Appellant. [788 NYS2d 123]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Blumenfeld, J.), rendered July 12, 2001, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the prosecution established a sufficient chain of custody for the narcotics which were admitted into evidence (*see People v Julian,* 41 NY2d 340 [1977]; *People v Isaac,* 222 AD2d 523, 523-524 [1995]; *People v Leach,* 203 AD2d 483 [1994]).

The defendant's contention that the jury charge with respect to the agency defense was insufficient under *People v Andujas* (79 NY2d 113 [1992]) is also without merit. Although the defendant testified that he had purchased additional narcotics for his own use, the Supreme Court sufficiently explained to the jury that the charges against the defendant related only to the narcotics that he provided to an undercover police officer. Reading the charge as a whole (*see People v Fields,* 87 NY2d 821, 823 [1995]; *People v Warren,* 76 NY2d 773, 775 [1990]), since there was no evidence that the defendant was acting in a dual capac-

ity with respect to those particular narcotics, the Supreme Court's charge adequately instructed the jury as to the agency defense.

Lastly, the defendant's claim that the undercover officer should not have been allowed to testify anonymously is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Gonzalez,* 300 AD2d 154 [2002]). In any event, the Supreme Court properly permitted the officer to testify anonymously (*see People v Waver,* 3 NY3d 748 [2004]; *People v Stanard,* 42 NY2d 74, 84-85 [1977], *cert denied* 434 US 986 [1977]; *People v Remgifo,* 150 AD2d 736 [1989]). Santucci, J.P., H. Miller, Spolzino and Skelos, JJ., concur.