■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RYNELL HENDERSON, Appellant. [804 NYS2d 288]—

Judgment, Supreme Court, New York County (Edward J. Mc-Laughlin, J.), rendered May 19, 2003, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony offender, to concurrent terms of $5^{1}/_{2}$ to 11 years, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. There was extensive proof of defendant's accessorial liability, including evidence supporting the conclusion that defendant passed an unidentified object to a second man, and that this object was the packet of drugs that the second man immediately sold to an undercover officer.

The court properly permitted the undercover officers to identify themselves by their shield numbers. The showing made by the People at a *Hinton* hearing that resulted in closure of the courtroom also satisfied the People's burden under *People v Waver* (3 NY3d 748 [2004]) of establishing a need for anonymity of the testifying undercover officer (*see also People v Stanard*, 42 NY2d 74 [1977], *cert denied* 434 US 986 [1977]).

The court properly exercised its discretion in permitting one of the officers to testify as an expert concerning the roles played by various participants in street-level drug transactions, since this testimony was relevant to the central issue of whether defendant acted in concert with the other man, and since it did not carry any suggestion of large-scale drug activity (*see People v Brown*, 97 NY2d 500, 506-507 [2002]). The court provided appropriate limiting instructions. Concur—Tom, J.P., Saxe, Nardelli, Catterson and Malone, JJ.