(June 5, 2008)

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NAOMI WAITE, Appellant. [859 NYS2d 162]—

Judgment, Supreme Court, Bronx County (Seth Marvin, J.), rendered May 17, 2006, convicting defendant, after a jury trial, of criminal sale of a controlled substance in or near school grounds, and sentencing her to a term of one year, unanimously reversed, on the law, and the matter remanded for a new trial.

The single issue raised on this appeal is whether the pretrial ruling that allowed two undercover officers to identify themselves at trial solely by their shield numbers was reversible error. The trial court held that by waiving their right to a *Hinton* hearing (*see People v Hinton*, 31 NY2d 71 [1972], *cert denied* 410 US 911 [1973]) and agreeing to closure of the courtroom to the general public for the testimony of two undercover officers on the condition that defendants' family members be allowed into the courtroom, defendant and her codefendant had necessarily conceded the grounds required for the undercover officers to testify anonymously. We conclude that it was error to treat

defendant's conditional waiver of the constitutional right to a public trial as a concomitant waiver of the separate right to confront witnesses. Because under *People v Waver* (3 NY3d 748, 750 [2004]) we cannot find the error to be harmless, we reverse.

The right to examine a witness regarding his or her identity was discussed in *Smith v Illinois* (390 US 129 [1968]). "[W]hen the credibility of a witness is in issue, the very starting point in 'exposing falsehood and bringing out the truth' through cross-examination must necessarily be to ask the witness who he is and where he lives. The witness' name and address open countless avenues of in-court examination and out-of-court investigation. To forbid this most rudimentary inquiry at the threshold is effectively to emasculate the right of cross-examination itself" (*id.* at 131 [footnote omitted]). The prosecutor in the case, while objecting to questions of identity and residence, had given no reason for excusing the witness from answering them (*id.* at 134 [White, J., concurring]).

In *People v Stanard* (42 NY2d 74, 83 [1977]), the ruling of *Smith v Illinois* was applied where the People sought to shield a witness's identity. The Court held that fear for a witness's personal safety was sufficient to shift the burden to the defendant to prove the necessity and materiality of the testimony (*id.* at 84-85). More recently, in *People v Waver* (3 NY3d 748 [2004], *supra*), the Court applied the *Stanard* approach in a buy-and-bust prosecution similar to the present case, where the undercover officer had been permitted to identify himself only by shield number. The Court reversed the conviction, explaining that the required sequential three-step inquiry had not been undertaken. The People have the initial burden to "come forward with some showing of why the witness should be excused from answering the question. Excuse may arise from a showing that the question will harass, annoy, humiliate or endanger the witness" (3 NY3d at 750, quoting *Stanard* at 84). The burden then shifts to the defense "to demonstrate the materiality of the requested information to the issue of guilt or innocence" (*id.*, quoting *Stanard* at 84). It is then the trial court's task to balance the defendant's right to cross-examination with the witness's interest in some degree of anonymity (*id.*).

The initial showing required for closure of the courtroom under *People v Hinton* (31 NY2d 71, 75 [1972]) is a demonstration that the undercover officers' safety and effectiveness would be compromised by leaving the courtroom open to the general public. Accordingly, a credible showing that the undercover officer would be endangered by revealing his or her name in open

court could not only successfully demonstrate a basis for limited closure (*see People v Ramos*, 90 NY2d 490 [1997], *cert denied sub nom. Ayala v New York*, 522 US 1002 [1997]; *People v DeJesus*, 305 AD2d 170 [2003], *lv denied* 100 NY2d 619 [2003]), but could also demonstrate grounds for anonymous testimony under *People v Waver* (*supra*).

Indeed, this Court has held that a showing made by the People at a *Hinton* hearing may also establish the facts required by step one of the *Waver* protocol (*see People v Washington*, 40 AD3d 228 [2007], *lv denied* 9 NY3d 927 [2007]; *People v Smith*, 33 AD3d 462 [2006], *lv denied* 8 NY3d 849 [2007]). However, in those cases, such an evidentiary showing was made. Here there was no showing; there was merely a conditional waiver of a right to a trial completely open to the public.

Two distinct constitutional rights are at issue: One is the right to a public trial; the other is the right to confront witnesses testifying against the defendant. Since "[a] waiver, to be enforceable, must not only be voluntary but also knowing and intelligent" (*People v Seaberg*, 74 NY2d 1, 11 [1989]), defendant's conditional waiver of the right to a public trial should not have been construed to encompass, by implication, a waiver of the right to confront witnesses.

Nor is defendant's waiver, as a matter of law, necessarily a concession that the People would otherwise have successfully established that the undercover officers would be endangered by providing their names. For instance, it may as easily have resulted from defendant's decision that the right to a public trial was not important to her. As long as there is any possibility other than a concession of facts, it cannot be said that the necessary facts were conceded as a matter of law.

"When the requirements of *Stanard* have not been met, a finding of harmless error is not warranted where, as here, the testimony of the anonymous witness is central to the People's case and defendant's ability to cross-examine the anonymous witness is purely speculative" (*People v Waver*, 3 NY3d at 750).

We therefore reverse and remand for a new trial. Concur— Tom, J.P., Saxe, Friedman, Gonzalez and McGuire, JJ.