■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v AARON BRIGHT, Appellant. [881 NYS2d 291]—

Judgment, Supreme Court, New York County (Eduardo Padro, J.), rendered August 7, 2006, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree and criminal sale of a controlled substance in or near school grounds, and sentencing him, as a second felony drug offender whose prior conviction was a violent felony, to concurrent terms of six years, unanimously affirmed.

The verdict was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's determinations concerning credibility. The evidence established that defendant acted as a steerer and order taker in a team of drug dealers.

After making a showing that was concededly sufficient to warrant closure of the courtroom to the general public during the testimony of an undercover officer, the People also made a sufficiently particularized showing to warrant exclusion of defendant's brother, who lived in the vicinity of the present drug sale and had prior drug convictions, one of which involved conduct that occurred across the street from the location of the present sale (*see People v Nieves*, 90 NY2d 426 [1997]; *People v DeJesus*, 305 AD2d 170 [2003], *lv denied* 100 NY2d 619 [2003]). Defendant's remaining arguments on this issue are without merit.

The challenged portions of the prosecutor's summation did not deprive defendant of a fair trial (*see People v Overlee*, 236 AD2d 133 [1997], *lv denied* 91 NY2d 976 [1998]; *People v D'Alessandro*, 184 AD2d 114, 118-119 [1992], *lv denied* 81 NY2d 884 [1993]). Concur—Gonzalez, P.J., Tom, Mazzarelli, Andrias and Saxe, JJ.