OPINION OF THE COURT
Richard E. Sise, J.
Defendant Eddie Thompson, Jr., has been indicted on a single count of murder in the second degree (Penal Law § 125.25 [1]). The charge arises from the October 28, 2008 shooting death of Frances Johnson, who is described as defendant’s paramour. In his testimony before the grand jury, defendant testified that he accidentally shot Ms. Johnson while complying with her request that he help unload her firearm. The report of the victim’s autopsy indicates that she was shot twice at close range. According to defense counsel, the central issue at trial will involve “disputed facts and scientific findings in connection with ballistics, trajectory, and proximity regarding the discharge of the firearm that resulted in Ms Johnson’s death” (Kossover affirmation 1i 2). By this motion, defendant seeks to obtain a transcript of the grand jury testimony of the prosecution’s ballistics expert.
On December 23, 2008, former County Court Judge Bruhn issued an order directing the People to disclose, among other things, the following:
“any written report or document, or portion thereof, concerning a physical or mental examination, or scientific test or experiment, relating to the criminal action or proceeding which was made by, or at the request or direction oft,] a public servant engaged in law enforcement activity, or which was made by a person whom the prosecutor intends to call as a witness at trial, or which the People intend to introduce at trial.” (Id., exhibit A.)
This description is taken, verbatim, from CPL 240.20 (1) (c), which requires the prosecutor to disclose the described property by making it available for inspection, photographing, copying or testing.
Among the items provided to defendant by the People was a series of photographs (id., exhibit C) that, defense counsel asserts, “clearly illustrates that District Attorney Carnright, during expert testimony, conducted several demonstrations before the Grand Jury illustrating the experts’ alleged findings with regard to trajectory and proximity” (id. H 4). The People also *1067 provided, at a May 28, 2009 conference, eight pages “depicting stip[piling hits from various distances” (id., exhibit D) but no accompanying supplemental report or testimony, according to defendant (id. H 5). Defendant accepts that there are no written scientific reports that have not been disclosed but now moves for an order directing disclosure of the grand jury testimony of the prosecution’s ballistics expert “in lieu of any written report” (id. 1Í 6).
In opposition to the motion, counsel for the People states that their expert based his opinion on the stippling pattern found on the victim, which was then compared to the stippling pattern obtained by firing the murder weapon in a series of tests. It is undisputed that defendant has been given the right to inspect the murder weapon; all photographs, including autopsy photographs; photographs of the test firings; and the right to inspect the original linens from the prosecution’s test firings. Defendant’s expert would also have the right to conduct his or her own tests of the weapon (People v White, 40 NY2d 797 [1976]). The People also assert that all disclosure ordered by the court or agreed to in the stipulation has been provided, that additional information beyond those requirements has been provided, and that the requirements of Rosario (People v Rosario, 9 NY2d 286 [1961]) will be met.[1]
As authority for the court’s power to order disclosure of grand jury testimony when an expert has failed to provide a written report or document, defendant points to the holding in People v Delaney (125 Mise 2d 928 [Suffolk County Ct 1984]). In that case, an accident reconstruction expert had testified before the grand jury but followed his standard practice of not issuing a written report. The court accepted defense counsel’s argument that it was “inconceivable” that the expert had testified “solely from memory” and held that in the absence of a written report, the defendant was entitled to a transcript of the expert’s testimony “in lieu of any written report” (125 Mise 2d at 930). *1068 According to the Suffolk County Court Judge, the transcript of the expert’s testimony constitutes a written report or document within the meaning of CPL 240.20 (1) (c), and therefore the statute “affords ample authority” for release of the grand jury testimony. “There exists no basis for ignoring the plain wording of the statute simply because the report or document is found in the form of the minutes of his testimony contained in Grand Jury minutes. Nor is it necessary that the witness himself prepare the written form.” {Id. at 931.)
This court declines to follow this holding in Delaney, in part because its statement about the “plain wording of the statute” is simply wrong. Insofar as is relevant to this point, the statute directs disclosure of
“[a]ny written report or document . . . concerning a physical or mental examination, or scientific test or experiment . . . which was made by, or at the request or direction of a public servant engaged in law enforcement activity, or . . . by a person whom the prosecutor intends to call as a witness at trial.” (CPL 240.20 [1] [c].)
In other words, it is necessary that the written material be prepared either by a witness who will be called to testify at trial or a law enforcement official. Moreover, the statute acknowledges the distinction between testimony and a written document, a distinction that is blurred to the point of obscurity in Delaney.
There are other, even more compelling reasons to reject the Delaney holding. Although the decision was issued 25 years ago, research has disclosed no decision in which this holding has been followed, the reasoning of the decision adopted, or the same conclusion reached independently. It has been listed as the sole authority for ordering such disclosure (see 33A CarmodyWait 2d § 187:26 [2009] [“Reports of examinations, tests, or experiments — Notes, recordings, or protocols, in addition to results”]; 22A CJS, Criminal Law § 752 [2009] [“Evidentiary use of grand jury minutes”]). It has also been deemed a “questionable” ruling in light of “the carefully circumscribed rule authorizing pretrial release of grand jury testimony” {see Marks, Pretrial Criminal Procedure § 7:4 [7 West’s NY Prac Series 2009] [“Demand disclosure — By defendant”]) or in light of contrary rulings from courts of superior jurisdiction (Gerstenzang and Sills, Handling the DWI Case in New York § 20:18 [2009-2010 ed], citing People v Murray, 147 AD2d 925 [4th Dept 1989] [CPL 240.20 (1) (c) does not require there to be any *1069 disclosure where no written report or other document has been produced]).
Even more troubling is the fact that, other than a passing reference to the inapplicable provisions of CPL 210.30 (3),[2] the court in Delaney did not address or even acknowledge the impact its ruling has on the secrecy of grand jury proceedings (CPL 190.25 [4]). No juror or other person who may lawfully be present during proceedings may disclose information about the nature or substance of any grand jury testimony “except in the lawful discharge of his duties or upon written order of the court” (CPL 190.25 [4] [a]), and unlawful disclosure of grand jury information is a crime (Penal Law § 215.70). In light of these extremely tight restrictions on disclosure of testimony given before a grand jury, it seems highly unlikely that the Legislature would have intended the transcript of such testimony to be treated as simply another document or report that is discoverable in the normal course of litigation. There is no suggestion in the language of CPL 240.20 (1) (c), in the báckground of that statute, or in the many decisions construing it that such a result was intended or even considered.
Finally, even if disclosure of an expert’s grand jury testimony in lieu of a written report could be permitted in some situations, it would not be warranted in this instance. Both defendant and the People stipulated that the court could inspect the grand jury minutes in connection with this motion, and that inspection reveals that there is little, if anything, that would be gained by giving defendant access to the testimony of the ballistics expert. He based his professional opinion and conclusions on evidence and information that is equally available to defendant’s expert: the weapon, photographs of the crime scene (some of which show the location of the weapon at the scene), expended projectiles, expended cartridge casings, a box of cartridges, and the linens produced when he tested the weapon to determine the gun’s stippling pattern. As noted above, defendant’s expert has the right to examine this evidence and to conduct his or her own tests. Consequently, even if this court were to accept the Delaney holding, the requested relief would not be granted
*1070 because disclosure would result in little, if any, benefit to defendant and nondisclosure does not result in any prejudice. There would certainly be no justification for breaching the secrecy of the grand jury proceeding in this case.
For the reasons set forth above, defendant’s motion is denied.

. In People v Rosario (9 NY2d 286 [1961]), the Court of Appeals held that where the People possess “a statement of their own prospective witness relating to the subject matter of that witness’ testimony,” a copy of such statement must be given to defense counsel (People v Jones, 70 NY2d 547, 550 [1987]). CPL 240.45 (1) (a) provides that this material is to be turned over “[a]fter the jury has been sworn and before the prosecutor’s opening address, or in the case of a single judge trial after commencement and before submission of evidence.” Testimony before a grand jury can, in certain circumstances, constitute such a statement (People v Lewis, 262 AD2d 584 [2d Dept 1999]; People v Eldridge, 222 AD2d 1109 [4th Dept 1995]).

. This statute sets forth a procedure permitting court inspection of grand jury minutes in connection with a motion to dismiss or reduce an indictment on the grounds of insufficiency of the evidence.