■ The People of the State of New York, Respondent, v Raheem Edwards, Appellant. [987 NYS2d 452]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Firetog, J.), rendered December 14, 2009, convicting him of murder in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the Supreme Court's *Sandoval* ruling (*see People v Sandoval*, 34 NY2d 371, 376 [1974]) was not improper. "The extent to which the prosecution should be allowed to impeach the credibility of a defendant is a matter that is generally left to the sound discretion of the trial court" (*People v Rodriguez*, 111 AD3d 856, 858 [2013]; *see People v Bennette*, 56 NY2d 142, 146 [1982]). Here, the court's *Sandoval* ruling permitting the People to inquire as to whether the defendant had been convicted of three felonies and one misdemeanor, but precluding any questioning about the underlying facts of those prior crimes, avoided any undue prejudice to the defendant and constituted a provident exercise of the court's discretion (*see People v Brown*, 101 AD3d 895, 896 [2012]; *People v Murad*, 55 AD3d 754, 755 [2008]; *People v Jamison*, 303 AD2d 603 [2003]). The fact that the defendant may have been the only possible source of testimony for his defense increased the importance of his credibility and his testimony, and did not mandate a ruling prohibiting inquiry about his prior criminal conduct (*see People v Hayes*, 97 NY2d 203, 208 [2002]; *People v Lopez*, 37 AD3d 496, 497 [2007]; *People v Cruz*, 21 AD3d 967, 968 [2005]).

The defendant contends that the Supreme Court erred in precluding certain cross-examination of a detective who had testified on the People's behalf at the suppression hearing. At trial, the detective testified that he had prepared a written state-

ment for the defendant's signature after the defendant was in custody, and that he had read the statement aloud to the defendant prior to the defendant's execution of the statement. At the suppression hearing, the detective made no mention of having read the statement aloud to the defendant before the defendant signed it. The defendant contends that the Supreme Court erred in precluding him from cross-examining that detective at trial regarding this omission from the detective's suppression hearing testimony. Although we agree with the defendant's contention that the preclusion of this cross-examination constituted error, the error was harmless, as there was overwhelming evidence of the defendant's guilt, and no significant probability that the error might have contributed to his conviction (*see People v Crimmins*, 36 NY2d 230, 241-242 [1975]; *People v Greene*, 110 AD3d 827, 829 [2013]).

The defendant's challenges to certain remarks made by the prosecutor during summation are unpreserved for appellate review, as the defendant either did not object to the challenged remarks, or made only a general objection, and his motion for a mistrial, made after the completion of summations, was untimely (*see People v Allen*, 114 AD3d 958, 959 [2014]; *People v Read*, 97 AD3d 702, 703 [2012]; *People v Malave*, 7 AD3d 542 [2004]). In any event, the challenged remarks either constituted fair comment on the evidence (*see People v Ashwal*, 39 NY2d 105, 109 [1976]; *People v Gouveia*, 88 AD3d 814, 815 [2011]), were responsive to arguments and theories presented in the defense's summation (*see People v Herb*, 110 AD3d 829, 831 [2013]; *People v Crawford*, 54 AD3d 961, 962 [2008]), were permissible rhetorical comment (*see People v Brown*, 84 AD3d 1263 [2011]), or constituted harmless error (*see People v Crimmins*, 36 NY2d at 241-242). Skelos, J.P., Lott, Roman and LaSalle, JJ., concur.