■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMIR KING, Appellant. [989 NYS2d 315]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (McGann, J.), rendered May 10, 2012, convicting him of assault in the first degree and criminal possession of a weapon in the second degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the People (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348 [2007]), we nevertheless accord great deference to the factfinder's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The trial court did not err in permitting the People to impeach one of their own witnesses with his prior written statement and grand jury testimony (*see* CPL 60.35). Contrary to the defendant's contention, the witness's testimony tended to disprove the

People's case and affirmatively damaged the People's position (*see People v Clark*, 37 AD3d 487, 488 [2007]; *People v Faulkner*, 220 AD2d 525, 526 [1995]; *People v Bumpus*, 163 AD2d 484 [1990]).

The defendant's challenge to certain comments made by the prosecutor on summation is unpreserved for appellate review, as he registered only a general one-word objection to one of the comments, and failed to object at all to the remaining comments (*see* CPL 470.05 [2]; *People v Evans*, 116 AD3d 879 [2014]; *People v Allen*, 114 AD3d 958, 959 [2014]). In any event, the remarks were fair response to defense counsel's summation or fair comment on the evidence (*see People v Rogers*, 106 AD3d 1029, 1030 [2013]; *People v Birot*, 99 AD3d 933 [2012]). Dillon, J.P., Lott, Austin and Barros, JJ., concur.