■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICARDO RICKETTS, Appellant. [1 NYS3d 831]—

Appeals by defendant from (1) a judgment of the Supreme Court, Kings County (Ingram, J.), rendered January 26, 2012, convicting him of criminal sale of a controlled substance in the fourth degree, criminal possession of a controlled substance in the seventh degree, resisting arrest, and obstructing governmental administration in the second degree, upon a jury verdict, and imposing sentence, and (2) an amended sentence of the same court imposed February 8, 2012.

Ordered that the judgment and the amended sentence are affirmed.

The defendant's current challenges to certain remarks made by the prosecutor during the trial are unpreserved for appel-

late review, as the defendant failed to raise these specific arguments by timely objections (see CPL 470.05 [2]; People v Romero, 7 NY3d 911, 912 [2006]; People v King, 119 AD3d 819, 820 [2014]; People v Edwards, 118 AD3d 909, 910 [2014]; People v Floyd, 97 AD3d 837 [2012]), and we decline to reach these issues in the exercise of our interest of justice jurisdiction (see CPL 470.15 [6] [a]). While the defendant did object to the prosecutor's comment regarding the application of the "falsus in uno" principle to the defendant's testimony, that objection was based on a ground different from the one now advanced by the defendant, and the trial court adequately addressed the objection by properly instructing the jury regarding the "falsus in uno" principle and its applicability to all witnesses.

Likewise, the defendant's contention that his right of confrontation was violated when the trial court permitted two undercover police officers to testify anonymously at trial is unpreserved for appellate review (see CPL 470.05 [2]; People v Smith, 26 AD3d 396 [2006]; People v Montoya, 13 AD3d 557, 558 [2004]; People v Alvarez, 278 AD2d 332, 333 [2000]), and we decline to reach the issue in the exercise of our interest of justice jurisdiction (see CPL 470.15 [6] [a]).

The sentence imposed, as amended, was not excessive (see People v Suitte, 90 AD2d 80 [1982]). Mastro, J.P., Roman and Maltese, JJ., concur.

Hall, J., dissents and votes to reverse the judgment and the amended sentence, and order a new trial, with the following memorandum: The defendant allegedly sold four methadone pills to an undercover officer during a buy-and-bust operation conducted near a methadone clinic in the East New York section of Brooklyn. At trial, both the primary undercover detective, who allegedly purchased drugs from the defendant (hereinafter the buying detective), and a "ghost" undercover detective, who watched the transaction secretly to ensure the buying detective's safety, testified against the defendant at trial anonymously by revealing only their respective shield numbers.

The right to cross-examine a witness regarding his or her identity is an important aspect of a criminal defendant's constitutional right of confrontation. In Smith v Illinois (390 US 129 [1968]), the United States Supreme Court held, "when the credibility of a witness is in issue, the very starting point in 'exposing falsehood and bringing out the truth' through cross-examination must necessarily be to ask the witness who he is and where he lives. The witness' name and address open countless avenues of in-court examination and out-of-court

investigation. To forbid this most rudimentary inquiry at the threshold is effectively to emasculate the right of cross-examination itself" (*id.* at 131, quoting *Pointer v Texas*, 380 US 400, 404 [1965]).

In *People v Stanard* (42 NY2d 74 [1977]), the Court of Appeals set forth the sequential steps that must be followed whenever the People seek to shield a witness's identity. "First, the People must 'come forward with some showing of why the witness should be excused from answering the question. Excuse may arise from a showing that the question will harass, annoy, humiliate or endanger the witness.' Then the burden shifts to the defense 'to demonstrate the materiality of the requested information to the issue of guilt or innocence.' Finally, the trial court must balance the defendant's right to cross-examination with the witness's interest in some degree of anonymity" (*People v Waver*, 3 NY3d 748, 750 [2004], quoting *People v Stanard*, 42 NY2d at 84).

Here, outside of the presence of the jury, the Supreme Court asked the buying detective if he would be concerned for his safety if he testified in open court by name, and the buying detective responded affirmatively. The court then allowed the buying detective to testify anonymously. According to the court, the People demonstrated the buying detective's justifiable fear for his safety, and the defendant failed to demonstrate that the identity of the buying detective was material in any way to the issues raised at trial. The ghost detective testified anonymously, without any inquiry pursuant to *Stanard*.

In my view, the People did not satisfy their burden of showing the need for anonymity with respect to the buying detective (*see People v Waver*, 3 NY3d at 750). The cursory inquiry conducted by the Supreme Court failed to establish that the buying detective had any justifiable basis for his fear. Furthermore, as the buying detective testified that he had retired by the time of trial, he could not have had any concerns regarding ongoing investigations (*cf. People v Remgifo*, 150 AD2d 736 [1989]). Moreover, the Supreme Court failed to conduct the third step of the *Stanard* inquiry, which is to "balance the defendant's right to cross-examination with the witness's interest in some degree of anonymity" (*People v Waver*, 3 NY3d at 750).

In addition, no inquiry was conducted to evaluate the ghost detective's need for anonymity. The ghost detective testified that, at the time of trial, he had transferred out of the Brooklyn North Narcotics division and was working as a patrol officer in Manhattan. Thus, there is no indication on this record that the ghost officer was concerned about ongoing undercover investi-

gations. Under these circumstances, permitting these detectives to testify anonymously deprived the defendant of his constitutional right to confront the witnesses against him.

Furthermore, in my view, the cumulative effect of certain other errors deprived the defendant of his right to a fair trial. The defendant was charged, inter alia, with committing two minor sales of narcotics. During opening statements, however, the prosecutor stated several times that the defendant was operating an illegal drug business, and even contrasted the defendant's illegal business with the lawful businesses in the immediate area (see People v Figueroa, 211 AD2d 811 [1995]). However, the defendant was not charged with conducting a narcotics business and, consequently, the prosecutor's comments were improper (see People v Valderama, 161 AD2d 820 [1990]; People v Jones, 62 AD2d 356, 357-358 [1978]).

In addition, evidence was admitted at trial that the defendant was in possession of the sum of $238 at the time of his arrest, in addition to the sum of $20 in prerecorded buy money. Since this defendant was only charged with two minor drug sales, this evidence was inadmissible (see People v Lewis, 262 AD2d 584, 585 [1999]). The prejudicial effect of the admission into evidence of the defendant's possession of $238, which suggested that the defendant had engaged in other uncharged narcotics sales, clearly outweighed whatever probative value it may have had (see People v Edwards, 199 AD2d 334 [1993]).

This error was compounded by the prosecutor's reference to the $238 sum several times in summation. In particular, the prosecutor stated that the $238 sum represented the defendant's drug earnings for the day of his arrest. Under the circumstances of this case, where the defendant was charged with two minor drug sales, one of which resulted in an acquittal, this statement was inappropriate because it improperly suggested to the jury that the defendant was a drug dealer who had made other, uncharged drug sales during the day in question (see People v Lewis, 262 AD2d at 585).

While these issues may not be preserved for appellate review, I would review them in the exercise of this Court's interest of justice jurisdiction (see CPL 470.15 [6]). Since the errors described above have deprived the defendant of his constitutional rights of confrontation and to a fair trial, I believe that the exercise of this Court's interest of justice jurisdiction to reach the defendant's unpreserved contentions is warranted.

Accordingly, I respectfully dissent and vote to reverse the judgment and the amended sentence, and order a new trial.