People v Purdie (2019 NY Slip Op 06804)





People v Purdie


2019 NY Slip Op 06804


Decided on September 25, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 25, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
CHERYL E. CHAMBERS
JOHN M. LEVENTHAL
HECTOR D. LASALLE, JJ.


2017-03561
 (Ind. No. 10380/15)

[*1]The People of the State of New York, respondent,
v
Eugene Purdie, appellant.


Paul Skip Laisure, New York, NY (White & Case LLP [Paul B. Carberry and Isaac S. Glassman], of counsel), for appellant, and appellant pro se.
John M. Ryan, Acting District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, William H. Branigan, and Vinnette K. Campbell of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Robert A. Schwartz, J.), rendered March 15, 2017, convicting him of criminal possession of a weapon in the third degree and criminal possession of marijuana in the fifth degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
On June 23, 2015, an undercover police officer radioed a back-up team after observing the defendant dismount from a bicycle he was riding, remove a black plastic bag hanging from the handlebars, tie the bag to a nearby fence, and proceed to smoke what smelled like a marijuana cigarette with another male. When a detective from the back-up team removed the bag from the fence, he felt what he believed to be the handle of a gun. Upon opening the bag, the detective observed a handgun. After a jury trial, the defendant was convicted of criminal possession of a weapon in the third degree and criminal possession of marijuana in the fifth degree.
The defendant claims that his Sixth Amendment right to confrontation was violated when the Supreme Court granted the People's application to permit the undercover officer to testify anonymously by revealing only his shield number (see People v Frost, 100 NY2d 129; People v Stanard, 42 NY2d 74). While, contrary to the People's contention, the defendant's claim is preserved for appellate review (see CPL 470.05[2]; People v Flores, 153 AD3d 182; cf. People v Ricketts, 125 AD3d 893), it is without merit (see People v Frost, 100 NY2d at 137; People v Stanard, 42 NY2d at 85; People v Remgifo, 150 AD2d 736; People v Presto, 131 AD2d 707; see also People v Waite, 52 AD3d 237; People v Smith, 33 AD3d 462; People v Thomas, 25 AD3d 346).
The defendant's contention, raised in his pro se supplemental brief, that the evidence was legally insufficient is unpreserved for appellate review, as defense counsel made only a general motion for a trial order of dismissal based upon the People's alleged failure to make out a prima facie case (see CPL 470.05[2]; People v Hawkins, 11 NY3d 484, 491-492; People v Hill, 72 AD3d 702, 705; People v Clarke, 66 AD3d 693). In any event, viewing the evidence in the light most [*2]favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt (see People v Danielson, 9 NY3d 342, 349; People v Bleakley, 69 NY2d 490, 495). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The defendant's contention, raised in his pro se supplemental brief, that he was deprived of the effective assistance of counsel is based, in part, on matter appearing on the record and, in part, on matter outside the record, and thus, constitutes a "mixed claim" of ineffective assistance (People v Maxwell, 89 AD3d 1108, 1109; see People v Evans, 16 NY3d 571, 575 n 2). Since the defendant's claim of ineffective assistance of counsel cannot be resolved without reference to matter outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety, and we decline to review the claim on this direct appeal (see People v Freeman, 93 AD3d 805, 806; People v Maxwell, 89 AD3d at 1109).
The defendant's contention, raised in his pro se supplemental brief, that the People committed Brady violations (see Brady v Maryland, 373 US 83) and destroyed evidence is unpreserved for appellate review and, in any event, without merit.
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
BALKIN, J.P., CHAMBERS, LEVENTHAL and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court