■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ISAAC RIGGINS, Appellant. [748 NYS2d 136] —Judgment, Supreme Court, New York County (Bruce Allen, J.), rendered January 28, 1998, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony offender, to concurrent terms of 4½ to 9 years, unanimously affirmed.

The verdict was not against the weight of the evidence. The officer's testimony established that defendant was hawking the type of drugs being sold, steering the buyers to the person who

had the drugs, and, as the exchanges were taking place, acting as a lookout. We perceive no reason to disturb the jury's decision to credit that testimony.

The court's *Sandoval* ruling balanced the appropriate factors and was a proper exercise of discretion (*see People v Hayes*, 97 NY2d 203; *People v Walker*, 83 NY2d 455, 458-459; *People v Pavao*, 59 NY2d 282, 292).

The court properly exercised its discretion in imposing reasonable limits on cross-examination, and defendant received a fair opportunity to cross-examine the People's witnesses on all relevant issues (*see Delaware v Van Arsdall*, 475 US 673, 678-679).

Defendant was not entitled to disclosure of arrest records for persons who were arrested, for drug transactions unrelated to this case, after the arrest of defendant and his codefendant had been completed. This did not constitute *Rosario* material since it did not relate to the direct testimony of the officers (*see People v Stern*, 226 AD2d 238, *lv denied* 88 NY2d 969).

The motion to set aside the verdict based on juror misconduct was properly denied. A jury verdict may not be impeached other than by a showing of improper outside influence or extraneous information (*see People v Brown*, 48 NY2d 388, 393-394), neither of which was present here. Furthermore, the alleged comment by the juror subsequent to the verdict did not indicate that he had given false information during jury selection.

Defendant's remaining contentions are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would reject them. Concur—Tom, J.P., Andrias, Saxe, Buckley and Lerner, JJ.