■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VANCE MULLIGAN, Appellant. [748 NYS2d 561] —Judgment, Supreme Court, New York County (Nicholas Figueroa, J.), rendered September 15, 1999, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony offender, to concurrent terms of 5½ to 11 years, unanimously affirmed.

The court properly exercised its discretion in permitting the undercover officer to testify anonymously (*see People v Stanard*, 42 NY2d 74, 83-84, *cert denied* 434 US 986; *People v Kearse*, 215 AD2d 104, *lv denied* 86 NY2d 797). Since the record clearly establishes, as the result of the court's questioning of the prosecutor, that concerns for the officer's safety warranted maintaining her anonymity, and defendant did not challenge the People's factual claims, the court was not required to conduct an inquiry of the undercover officer herself, although that would have been the better practice (*see People v Melendez*, 269 AD2d 292, *lv denied* 95 NY2d 868). The court prevented any prejudice by instructing the jury not to draw any inference from the fact that the officer was being identified only by her shield number (*see People v Washington*, 259 AD2d 365, 365-366, *lv denied* 93 NY2d 1006). Concur—Nardelli, J.P., Mazzarelli, Buckley, Sullivan and Ellerin, JJ.