■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUAN SOLARES, Appellant. [765 NYS2d 239] —Judgment, Supreme Court, New York County (Edward McLaughlin, J.), rendered October 9, 2001, convicting defendant, after a jury trial, of three counts of criminal sale of a controlled substance in the first degree, and sentencing him to concurrent terms of 15 years to life, unanimously affirmed.

The court properly exercised its discretion in permitting an undercover officer involved in ongoing investigations to be identified only by his shield number during his testimony (*see People v Frost*, 100 NY2d 129, 135-137 [2003]; *People v Stanard*, 42 NY2d 74, 83-84 [1977], *cert denied* 434 US 986 [1977]; *People v Kearse*, 215 AD2d 104 [1995], *lv denied* 86 NY2d 797 [1995]). "Since the record clearly establishes, as the result of [statements by] the prosecutor, that concerns for the officer's safety warranted maintaining [his] anonymity, and defendant did not challenge the People's factual claims, the court was not required to conduct an inquiry of the undercover officer [him]self, although that would have been the better practice" (*People v Mulligan*, 298 AD2d 233 [2002], *lv denied* 99 NY2d 562 [2002]). The relevant safety concerns included those inherent in the officer's continuing undercover work (*see United States v Daddano*, 432 F2d 1119, 1128 [1970], *cert denied* 402 US 905 [1971]). Furthermore, there is no reason to believe that disclosure of the officer's name would have provided defendant any practical benefit in cross-examining the officer or in investigating his background (*cf. People v Gissendanner*, 48 NY2d 543, 550 [1979]). Accordingly, there was no violation of defendant's right of confrontation (*see Delaware v Van Arsdall*,

475 US 673, 678-679 [1986]; *compare Smith v Illinois*, 390 US 129 [1968]). Defendant's further claim concerning his right to a public trial is unpreserved and we decline to review it in the interest of justice.

Defendant's challenge to the court's sua sponte excusal, during preliminary screening, of three prospective jurors on the ground of their familiarity with the crime scene is unpreserved because defendant first raised the issue at a time when it was no longer practical to provide any remedy. We decline to review this claim in the interest of justice. Were we to review it, we would find that the court properly exercised caution in avoiding any danger that jurors might become unsworn fact witnesses (*see People v Arnold*, 96 NY2d 358, 362, 367 [2001]).

Defendant's application pursuant to *Batson v Kentucky* (476 US 79 [1986]) was properly denied on the ground that defendant did not establish a prima facie case of discrimination. Defendant's numerical argument was not so compelling as to warrant a finding of a prima facie case (*see People v Brown*, 97 NY2d 500, 507-508 [2002]). Defendant's further argument based on the backgrounds of prospective jurors challenged by the People is unpreserved (*see People v James*, 99 NY2d 264, 270 [2002]), and we decline to review it in the interest of justice. Were we to review this claim, we would find it unpersuasive. Concur—Buckley, P.J., Tom, Ellerin, Marlow and Gonzalez, JJ.