■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALEXIS VALIENTE, Appellant. [765 NYS2d 503] —Judgment, Supreme Court, New York County (James Yates, J.), rendered October 9, 2001, convicting defendant, after a jury trial, of robbery in the first degree, robbery in the second degree (two counts), criminal use of a firearm in the first degree and grand larceny in the second degree, and sentencing him to concurrent terms of 16 years, 5 years (three terms), and 2 to 6 years, respectively, unanimously affirmed.

When the court granted the jury's midtrial request to take notes, this was contrary to section 220.10 (b) of the Uniform Rules for the New York State Trial Courts (22 NYCRR 220.10 [b]), which provides that a determination as to jury note-taking be made prior to opening statements. However, this irregularity, which was neither a constitutional nor a statutory violation, fell far short of being a "fundamental defect" (*People v Agramonte*, 87 NY2d 765, 770 [1996]). Therefore, there is no reason to treat this claim as a "mode of proceedings" error exempt from normal preservation requirements (*id.*), or to find it immune from harmless error analysis. Accordingly, we decline to review defendant's unpreserved claim in the interest of justice. Were we to review this claim, we would find the ruling created no possibility of prejudice.

The trial court properly exercised its discretion in admitting evidence concerning defendant's behavior immediately after the publication of a newspaper article containing his picture and indicating that he was wanted by the police in connection with the instant crime. Defendant's behavior, including his sudden departure from his job, could reasonably have been interpreted by the jury as warranting an inference of consciousness of guilt (*see People v Yazum*, 13 NY2d 302 [1963]), and the court provided a thorough jury instruction on this subject.

We perceive no basis for reducing the sentence.

Defendant's remaining contentions are unpreserved and we

decline to review them in the interest of justice. Were we to review these claims, we would reject them. Concur—Saxe, J.P., Rosenberger, Williams, Marlow and Gonzalez, JJ.