■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARRYL GRANGER, Appellant. [810 NYS2d 451]—

Judgment, Supreme Court, New York County (Eduardo Padro, J.), rendered March 26, 2003, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony offender, to concurrent terms of 4½ to 9 years, unanimously affirmed.

The verdict was supported by legally sufficient evidence and was not against the weight of the evidence. The first chemist who testified on behalf of the People performed four color tests and two microscopic tests. He described in detail, but did not personally perform, the gas chromatography mass spectrometric (GCMS) test. The People's second chemist performed the GCMS test and concluded that the substance recovered from defendant was cocaine. Contrary to defendant's contention, the second chemist did not have to describe GCMS in detail (see People v Crossland, 9 NY2d 464, 466-467 [1961]; People v Moon, 256 AD2d 24 [1998], lv denied 93 NY2d 897 [1999]), particularly since such details were already in evidence. Nor did she have to use the precise words "to a reasonable degree of scientific certainty" (see Matott v Ward, 48 NY2d 455 [1979]; see also People v Brown, 67 NY2d 555, 560 [1986], cert denied 479 US 1093 [1987]), because it is the meaning and context, not the form, of an expert's opinion that counts.

The trial court providently exercised its discretion in permitting the undercover officer to testify by shield number instead of name. The People made a sufficient showing that revealing the officer's name would endanger him, and defendant then failed to "demonstrate the materiality of the requested information to the issue of guilt or innocence" (People v Waver, 3 NY3d 748, 750 [2004]; see also Delaware v Van Arsdall, 475 US 673, 678-679 [1986]). "[T]here is no reason to believe that disclosure of the officer's name would have provided defendant any practical benefit in cross-examining the officer or in investigating his

background" (*People v Solares*, 309 AD2d 502, 502 [2003], *lv denied* 1 NY3d 581 [2003]). Defendant has not demonstrated that, as a practical matter, knowledge of an officer's name would open any "avenues of in-court examination and out-of-court investigation" (*Smith v Illinois*, 390 US 129, 131 [1968]) not already opened by knowledge of his shield number. Concur—Buckley, P.J., Mazzarelli, Marlow, Sullivan and Sweeny, JJ.