■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THEODORE MILLS, Appellant. [817 NYS2d 273]—

Judgment, Supreme Court, New York County (John Cataldo, J., at *Hinton* hearing and Civil Rights Law § 50-a application; William A. Wetzel, J., at jury trial and sentence), rendered July 12, 2004, convicting defendant of two counts of criminal sale of a controlled substance in the third degree, and sentencing him to concurrent terms of 4½ to 9 years, unanimously affirmed.

The court properly permitted the undercover officer to testify using only his shield number, and without revealing his name to the defense. The officer was involved in ongoing investigations in the vicinity of the instant sales, and had frequently been threatened and assaulted during undercover operations. The concerns for the officer's safety are appropriate reasons for a court to maintain his anonymity. That decision did not violate defendant's right of confrontation (see *People v Waver*, 3 NY3d 748, 750 [2004]; *People v Granger*, 26 AD3d 268 [2006]; see also *United States v Rangel*, 534 F2d 147, 148 [9th Cir 1976], *cert denied* 429 US 854 [1976]). The court also properly determined there was no basis to grant defendant's request for the court to subpoena the undercover officer's personnel file for an in camera inspection (see Civil Rights Law § 50-a [2]; *People v Valentine*, 160 AD2d 325, 326 [1990], *lv denied* 76 NY2d 797 [1990]). We need not determine whether, under these circumstances, defendant's burden under Civil Rights Law § 50-a (2) should be reduced since the argument was not raised below.

The court properly precluded impeachment of the undercover officer concerning the omission of a certain detail from his testimony before the grand jury and from his buy report. The omitted fact was not a proper prior inconsistent statement,

because neither the grand jury questioning nor the buy report called for this information, and because, in each instance, the omission of the additional detail from the officer's brief narrative was not unnatural (*see People v Bornholdt*, 33 NY2d 75, 88 [1973], *cert denied sub nom. Victory v New York*, 416 US 905 [1974]; *People v Green*, 299 AD2d 267 [2002], *lv denied* 99 NY2d 582 [2003]; *compare People v Montalvo*, 285 AD2d 384 [2001], *lv denied* 96 NY2d 941 [2001]).

Defendant's remaining contentions are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would reject them. Concur—Saxe, J.P., Marlow, Nardelli, Catterson and McGuire, JJ.