■ The People of the State of New York, Respondent, v Corey Smith, Appellant. [823 NYS2d 123]—

Judgment, Supreme Court, New York County (Ruth Pickholz, J.), rendered February 1, 2005, as amended January 17, 2006, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 4½ to 9 years, unanimously affirmed.

After ruling that the courtroom would be closed to the general public for the testimony of an undercover officer but that defendant's relatives could remain, the court properly imposed a requirement that persons claiming to be defendant's family members show identification and make sworn statements that they were in fact related to defendant. It is uncontested that the People made a sufficiently particularized showing of an overriding interest justifying closure of the courtroom to the general public. The measures taken by the court to ensure that only actual family members were present for the officer's testimony were not onerous, and they did not deny defendant his right to a public trial. When the law confers a benefit, in this case entry into a lawfully closed courtroom, on the basis of a status, in this case being related to the defendant, it is reasonable to insist on proof that the person claiming such benefit actually enjoys such status. It would be naive to ignore the danger that in some cases impostors with sinister reasons for wanting to get a look at an undercover officer or other protected witness might pose as a defendant's relatives (*cf. People v Nazario*, 4 NY3d 70, 73-74 [2005]).

The court properly permitted the undercover officer to testify using only her shield number, and without revealing her name to the defense. The showing made by the People at the *Hinton* hearing that resulted in closure of the courtroom also satisfied the People's burden under *People v Waver* (3 NY3d 748 [2004])

of establishing a need for anonymity (*see People v Henderson*, 22 AD3d 311 [2005], *lv denied* 6 NY3d 813 [2006]). The burden then shifted to defendant to specify any possible prejudicial effect not knowing the name of the undercover officer would have on the issue of his guilt or innocence, which he failed to do. The court's ruling did not violate defendant's right of confrontation (*see People v Granger*, 26 AD3d 268 [2006]; *see also United States v Rangel*, 534 F2d 147, 148 [9th Cir 1976], *cert denied* 429 US 854 [1976]).

The court properly exercised its discretion in declining to deliver an adverse inference charge concerning hypothetical handwritten notes that may have been destroyed by the police. In the first place, the evidence did not establish that such notes ever existed (*see People v Pines*, 298 AD2d 179, 180 [2002], *lv denied* 99 NY2d 562 [2002]). Even if the notes did exist, they did not constitute *Rosario* material with regard to the officer at issue since he did not create the notes or gather or provide the information contained in the notes (*see People v Batista*, 233 AD2d 195, 196 [1996], *lv denied* 89 NY2d 1088 [1997]), and the notes did not relate to the subject matter of his direct testimony (*see People v Riggins*, 298 AD2d 192, 193 [2002], *lv denied* 99 NY2d 563 [2002]). Finally, even if the notes constituted *Rosario* material, defendant was not entitled to an adverse inference charge since he failed to show any prejudice (*see People v Martinez*, 71 NY2d 937, 940 [1988]; *see also* CPL 240.75). Concur—Buckley, P.J., Tom, Marlow, Nardelli and Williams, JJ.