■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CALVIN WASHINGTON, Appellant. [835 NYS2d 142]—

Judgment, Supreme Court, New York County (Roger S. Hayes, J.), rendered February 3, 2006, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of four years, unanimously affirmed.

The court providently exercised its discretion when it permitted two undercover officers to testify using aliases, and withheld their true names from defense counsel. The People's showing of an overriding interest justifying partial closure of the courtroom (a ruling not challenged on appeal), also satisfied the People's burden, under *People v Waver* (3 NY3d 748 [2004]), of establishing a need for the officers' anonymity (*see People v Smith,* 33 AD3d 462 [2006], *lv denied* 8 NY3d 849 [2007]). The court's determination did not violate defendant's right of confrontation (*see United States v Rangel,* 534 F2d 147, 148 [9th Cir 1976], *cert denied* 429 US 854 [1976]). "Defendant has not demonstrated that, as a practical matter, knowledge of an officer's name would open any 'avenues of in-court examination and out-of-court investigation' not already opened by knowledge of his shield number" (*People v Granger,* 26 AD3d 268, 269 [2006] [citation omitted], *lv denied* 6 NY3d 894 [2006], quoting *Smith v Illinois,* 390 US 129, 131 [1968]). The true names would have had no discernible practical value. We note that defendant would not have been able to use those names to identify other cases involving these officers, because the officers never used their true names when testifying. Furthermore, the People's obligation to disclose exculpatory evidence would have tended to protect defendant's right to impeach the officers. The court also properly exercised its discretion when it determined that counsel's offer to keep the officers' true names secret from his client or anyone else could not guarantee that the secrecy would not be compromised. Concur—Marlow, J.P., Nardelli, Gonzalez, Sweeny and Malone, JJ.