■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KAREEM CANTY, Appellant. [916 NYS2d 80]—

Judgment, Supreme Court, New York County (Ruth Pickholz, J.), rendered January 15, 2009, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the first degree (two counts) and criminal sale of a controlled substance in the second degree, and sentencing him, as a second felony drug offender, to an aggregate term of 12 years, unanimously affirmed.

The court properly exercised its discretion in allowing an undercover officer to testify using his shield number rather than his name. Through the evidence adduced during the *Hinton* hearing, the People also satisfied their burden, under *People v Waver* (3 NY3d 748 [2004]), of establishing a need for the officers' anonymity (*see People v Smith*, 33 AD3d 462 [2006], *lv denied* 8 NY3d 849 [2007]), and defendant failed to establish any prejudice from not knowing the officer's name (*see People v Granger*, 26 AD3d 268 [2006], *lv denied* 6 NY3d 894 [2006]). This determination did not violate defendant's right of confrontation (*see United States v Rangel*, 534 F2d 147, 148 [9th Cir 1976], *cert denied* 429 US 854 [1976]).

Defendant did not preserve his challenges to the prosecutor's summation, and we decline to review them in the interest of justice. As an alternative holding, we find no basis for reversal

(*see People v Overlee*, 236 AD2d 133 [1997], *lv denied* 91 NY2d 976 [1998]; *People v D'Alessandro*, 184 AD2d 114, 118-119 [1992], *lv denied* 81 NY2d 884 [1993]).

Defendant's claim that the court departed from the requirements of section 220.10 of the Uniform Rules for Trial Courts (22 NYCRR) regarding jury note-taking is a claim that requires preservation (*People v Valiente*, 309 AD2d 562 [2003], *lv denied* 1 NY3d 602 [2004]) and we decline to review this unpreserved claim in the interest of justice. There was nothing even approaching a mode of proceedings error that "went to the essential validity of the process and was so fundamental that the entire trial is irreparably tainted" (*People v Brown*, 7 NY3d 880, 881 [2006]). As an alternative holding, we find that defendant was not prejudiced in any manner. Concur—Sweeny, J.P., Moskowitz, DeGrasse, Freedman and Richter, JJ.