■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RADCLIFFE McNAB, Appellant. [934 NYS2d 381]—

Although defendant requested disclosure of an undercover officer's name, he did not sufficiently alert the court to his claim that permitting the undercover officer to testify under his shield number violated his right of confrontation, and the court did not "expressly decide[ ]" the issue "in re[s]ponse to a protest by a party" (CPL 470.05 [2]; *see People v Colon*, 46 AD3d 260, 263 [2007]). Accordingly, defendant did not preserve his Confrontation Clause claim, and we decline to review it in the interest of justice.

As an alternative holding, we find no Confrontation Clause violation (*see United States v Rangel*, 534 F2d 147, 148 [9th Cir 1976], *cert denied* 429 US 854 [1976]; *see also Pennsylvania v Ritchie*, 480 US 39, 51-54 [1987]). At the *Hinton* hearing, the People established a need for anonymity (*see People v Waver*, 3 NY3d 748 [2004]; *People v Smith*, 33 AD3d 462 [2006], *lv denied* 8 NY3d 849 [2007]), and defendant failed to establish that only knowing the officer's shield number caused him any prejudice (*see People v Washington*, 40 AD3d 228 [2007], *lv denied* 9 NY3d 927 [2007]).

We also reject defendant's claim that use of the officer's shield number instead of a name conveyed to the jury that defendant was dangerous. The court's curative instruction was sufficient to minimize any prejudice.

Defendant's ineffective assistance of counsel claim is unreviewable on direct appeal because it involves matters outside the record concerning counsel's strategy and preparation (*see People v Rivera*, 71 NY2d 705, 709 [1988]; *People v Love*, 57 NY2d 998 [1982]). On the existing record, to the extent it permits review, we find that defendant received effective assistance under the state and federal standards (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *see also Strickland v Washington*, 466 US 668 [1984]). Even assuming that, during defendant's testimony, counsel mishandled an inquiry about defendant's prior record, we find no reasonable probability that the error affected the outcome or deprived defendant of a fair trial. The evidence of guilt, which included the recovery of prerecorded buy money, was overwhelming.

Since defendant did not request any remedy, he did not preserve his claims regarding juror note-taking, and we decline to review them in the interest of justice. As an alternative holding, we find no indication that defendant was prejudiced in any way (*see People v Valiente*, 309 AD2d 562 [2003], *lv denied* 1 NY3d 602 [2004]). Concur—Tom, J.P., Moskowitz, Richter, Abdus-Salaam and Román, JJ.