■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ARMSTRONG WILKERSON, Appellant. [941 NYS2d 125]—

Judgment, Supreme Court, New York County (Bruce Allen, J.), rendered February 24, 2010, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree and two counts of criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony drug offender, to concurrent terms of six years, unanimously affirmed.

The verdict was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's credibility determinations.

The court properly exercised its discretion in denying defendant's motion, made pursuant to County Law § 722-c, for authorization of an independent analysis of the narcotics evidence. Other than the fact that this was a drug case, defendant offered only "vague and speculative" reasons for independent drug testing (*see People v Coleman*, 45 AD3d 432, 433 [2007], *lv denied* 10 NY3d 763 [2008]), and his present argument relies on matters outside the record that were never presented to the trial court. Furthermore, although defendant challenged the credibility of the officers involved in his case, there was no issue at trial concerning the identity or weight of the substances defendant allegedly sold and possessed. Accordingly, the court's ruling did not deprive defendant of a fair trial or the right to present a defense.

The evidence at the *Hinton* hearing established an overriding interest that warranted a limited closure of the courtroom during an undercover officer's testimony (*see Waller v Georgia*, 467 US 39 [1984]; *People v Ramos*, 90 NY2d 490, 497 [1997], *cert denied sub nom. Ayala v New York*, 522 US 1002 [1997]), and the closure order did not violate defendant's right to a public trial. The People made a sufficiently particularized showing that the officer's safety and effectiveness would be jeopardized by testifying in an open courtroom (*see e.g. People v Plummer*,

68 AD3d 416, 417 [2009], *lv denied* 14 NY3d 891 [2010]). Furthermore, the court implicitly or explicitly considered alternatives to full closure, including those proposed by the People (*see Presley v Georgia*, 558 US —, —, 130 S Ct 721, 724 [2010]; *People Mickens*, 82 AD3d 430 [2011], *lv denied* 17 NY3d 798 [2011], *cert denied* 565 US —, 132 S Ct 527 [2011]). Instead of ordering a complete closure, the court permitted defendant's relatives to attend. Defendant objected to the closure ruling only to the extent it excluded his niece's friend from the courtroom. However, defendant made no showing that he had a "tie of more significance than ordinary friendship" with this person (*People v Nazario*, 4 NY3d 70, 74 [2005]). Defendant did not preserve his claim that the court failed to make sufficient findings to support its closure order (*see People v Doster*, 13 AD3d 114, 115 [2004], *lv denied* 4 NY3d 763 [2005]), and we decline to review it in the interest of justice. As an alternative holding, we also reject it on the merits (*see id.*).

The testimony adduced by the People at the *Hinton* hearing, demonstrating a need for partial closure of the courtroom, also met their burden of establishing a need for the undercover officer to testify under his shield number (*see People v Henderson*, 22 AD3d 311, 312 [2005], *lv denied* 6 NY3d 813 [2006]). Defendant failed to establish that he was prejudiced by only knowing the officer's shield number, and the ruling did not violate defendant's right of confrontation (*see People v Washington*, 40 AD3d 228 [2007], *lv denied* 9 NY3d 927 [2007]).

Defendant did not preserve his claims regarding closure of the courtroom during the suppression hearing, or his claims regarding evidence of uncharged crimes, and we reject his arguments to the contrary. We decline to review these claims in the interest of justice. As an alternative holding, we find no basis for reversal. Concur—Friedman, J.P., DeGrasse, Freedman and Abdus-Salaam, JJ.