■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NATHAN PERRY, Appellant. [955 NYS2d 880]—

Appeal from judgment, Supreme Court, Bronx County (Colleen D. Duffy, J.), rendered August 20, 2010, as amended March 19, 2012, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony drug offender, to concurrent terms of four years, held in abeyance, and the People directed to make the arresting officer's unredacted memo book available to this Court for its in camera review.

The record supports the inference that some of the material redacted from the arresting officer's memo book, which was turned over to the defense, constituted *Rosario* material (*People v Rosario*, 9 NY2d 286 [1961], *cert denied* 368 US 866 [1961]; *see also* CPL 240.45) and was not otherwise protected from disclosure. Defendant is therefore entitled to an in camera review of the unredacted memo book to determine whether any of the deleted portions of the officer's notes constituted *Rosario* material and, if so, whether their nondisclosure caused defendant any prejudice (*cf. People v Smith*, 33 AD3d 462, 464 [1st Dept 2006], *lv denied* 8 NY3d 849 [2007]). Concur—Gonzalez, P.J., Friedman, Saxe, Richter and Abdus-Salaam, JJ.