The People of the State of New York, Respondent,
against
Joseph Matos, Appellant.




Thomas E. Scott, for appellant.
Suffolk County District Attorney (Rosalind C. Gray of counsel), for respondent.

Appeal from a judgment of the District Court of Suffolk County, First District (Richard T. Dunne, J.), rendered August 18, 2016. The judgment convicted defendant, upon his plea of guilty, of driving while intoxicated (per se) and imposed sentence. The appeal from the judgment of conviction brings up for review so much of an order of that court dated October 28, 2014 as denied the branch of defendant's omnibus motion seeking discovery, and the denial, after a hearing, of the branches of defendant's omnibus motion seeking to suppress physical evidence and statements.




ORDERED that the judgment of conviction is affirmed.
On May 24, 2014, the People charged defendant, in a simplified traffic information, with failing to keep right (Vehicle and Traffic Law § 1120 [a]) and, in separate informations, with driving while intoxicated (per se) (Vehicle and Traffic Law § 1192 [2]) and driving while intoxicated (common law) (Vehicle and Traffic Law § 1192 [3]), respectively. On June 28, 2014, in an information, the People charged defendant with aggravated driving while intoxicated (per se) (Vehicle and Traffic Law § 1192 [2-a] [a]). Defendant moved to, among other things, suppress his arrest scene and station-house statements, and, in anticipation of the hearing and trial, for an order to produce records of the arresting officer's prior investigations and arrests in relation to driving while intoxicated and related charges. On October 28, 2014, the District Court denied the branch of the motion seeking discovery and granted the branches of the motion [*2]seeking to suppress physical evidence and statements to the extent of ordering combined hearings thereon.
At the hearing, the arresting officer testified that, while on motor patrol, he had observed defendant's vehicle travel across solid double yellow lines separating defendant's lane of travel from a center turn lane, and, upon stopping defendant's vehicle, he had observed that defendant exhibited indicia of alcoholic beverage consumption. Defendant subsequently failed standardized field sobriety tests. In the course of the roadside investigation, defendant admitted that he had consumed four 12-ounce beers, an admission repeated while in custody following his waiver of the Miranda rights (see Miranda v Arizona,384 US 436 [1966]). A subsequent chemical test of defendant's blood alcohol content, to which defendant had consented, produced a reading of .18 of one per centum by weight of alcohol.
Following the hearing, the court denied the branches of defendant's motion seeking to suppress physical evidence and statements. The court rejected defendant's contentions that the officer had lacked probable cause to stop him for failing to keep right and that his arrest-scene statements had been the product of unwarned custodial interrogation, which also tainted the statements he made in the station house after being given the Miranda warnings. Immediately following the denial of the branches of his motion seeking to suppress physical evidence and statements, defendant pleaded guilty to driving while intoxicated (per se) in satisfaction of the pending charges, and the court imposed sentence. On appeal, defendant challenges the sufficiency of the information charging defendant with driving while intoxicated (per se), so much of the October 28, 2014 order as denied the branch of defendant's motion seeking discovery, and the denial, after a hearing, of the branches of defendant's motion seeking to suppress physical evidence and statements.
While the exclusions in Vehicle and Traffic Law § 1120 (a) (1) are introduced with the word "except," they are considered "provisos," which the People need not disprove in a pleading or to establish the validity of a traffic stop, and not "exceptions" which the People are required to negate (see People v Gill, 37 Misc 3d 24, 26-27 [App Term, 2d Dept, 9th & 10th Jud Dists 2012]; see also People v Davis, 13 NY3d 17, 31 [2009] ["the fact that (the) . . . qualifying language is introduced by 'except' is not determinative"]; see generally People v Santana, 7 NY3d 234, 236-237 [2006]). Thus, even were we to assume that a simplified traffic information (see CPL 100.25; 100.40 [2]) must allege and negate statutory exclusions, there was no error here.
" 'A traffic stop is . . . permissible . . . when 'a police officer has probable cause to believe that the driver of an automobile has committed a traffic violation' " (People v Guthrie, 25 NY3d 130, 133 [2015], quoting People v Robinson, 97 NY2d 341, 349 [2001]). "Probable cause . . . 'does not require proof . . . beyond a reasonable doubt but merely information sufficient to support a reasonable belief that an offense has been or is being committed' " (People v Guthrie, 25 NY3d at 133, quoting People v Bigelow, 66 NY2d 417, 423 [1985]; see e.g. People v Newcomb, 58 Misc 3d 153[A], 2018 NY Slip Op 50145[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2018]). In other words, " 'it need merely appear more probable than not that [an offense] has taken place and that the one arrested is its perpetrator' " (People v Wright, 8 AD3d 304, 307 [2004], quoting People v Hill, 146 AD2d 823, 824 [1989]; see also CPL 70.10 [2]; People v Williams, 127 AD3d 1114, 1116 [2015]).
Defendant's traffic infraction occurred on a three-lane road containing one lane in each direction for continuous traffic and a center lane used by motorists traveling in either direction to turn across the opposite lane of travel. The yellow lines divide the turning lane from the traffic lane, and are dashed where crossing into the turning lane is permitted and solid where crossing into the lane is not permitted. The arresting officer observed the wheels of defendant's vehicle "cross over" the double yellow lines where they were solid and into the turning lane. Defendant contends that crossing the double yellow lines in these circumstances is not unlawful, and in any event, that the extent of the crossing did not represent a statutory violation.
While defendant argues that the facts presented at the hearing do not support a stop of his vehicle based on a violation of the charged offense, Vehicle and Traffic Law § 1120 (a) (5), defendant does not dispute that the facts presented at the hearing established a violation of Vehicle and Traffic Law § 1128 (a) (see e.g. People v James, 155 AD3d 1094, 1096 [2017]; People v Ogden, 250 AD2d 1001, 1001 [1998]). This court stated in People v Gramajo (49 Misc 3d 131[A], 2015 NY Slip Op 51435[U], *2 [App Term, 2d Dept, 9th & 10th Jud Dists 2015]) that "an automobile stop is lawful so long as it is demonstrated that a traffic violation occurred, and it is not necessary that [the] defendant be charged with the specific violation established at a probable cause hearing (see People v Robinson, 97 NY2d 341 [2001]; e.g. People v Weishaupt, 118 AD3d 1100, 1102 [2014] [as the hearing evidence established that (the) defendant had committed a traffic offense, the stop was lawful even if the officer 'did not ultimately issue defendant any traffic tickets']; People v Ross, 106 AD3d 1194, 1195 [2013] [same])" (see also People v Newcomb, 58 Misc 3d 153[A], 2018 NY Slip Op 50145[U]; People v Turner, 53 Misc 3d 130[A], 2016 NY Slip Op 51368[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2016]).
Defendant's arguments with respect to pretext stops are unavailing. "[A]s a general matter, the decision to stop an automobile is reasonable where the police have probable cause to believe that a traffic violation has occurred, even if the underlying reason for the stop was to investigate another matter unrelated to the traffic violation" (People v Foster, 153 AD3d 853, 853 [2017] [internal quotation marks omitted]; see People v Robinson, 97 NY2d at 348-349; People v Sluszka, 15 AD3d 421, 423 [2005]; People v DeRojas, 196 Misc 2d 171, 172 [App Term, 2d Dept, 9th & 10th Jud Dists 2003]). Consequently, the branch of defendant's motion seeking to suppress physical evidence was properly denied.
The District Court also properly denied defendant's plainly overbroad discovery requests for police documentation with respect to the arresting officer's prior investigations and arrests for driving while intoxicated and related offenses. A defendant's discovery rights are entirely statutory (see People v Colavito, 87 NY2d 423, 427 [1996] ["(i)tems not enumerated in article 240 are not discoverable as a matter of right"]; see e.g. People v Alvarez, 38 AD3d 930, 932 [2007]), and, while CPL 240.40 (1) (c), the authority invoked in support of the discovery demand, provides that a court "may order discovery with respect to any other property, which the people intend to introduce at the trial, upon a showing by the defendant that discovery with respect to such property is material to the preparation of his or her defense, and that the request is reasonable," the Court in Colavito construed this section to apply to the timing of certain otherwise approved disclosure, not an expansion of the range of materials subject to article 240 disclosure (see People v Colavito, 87 NY2d at 427 ["in the sound exercise of responsible discretion, the trial court may order early prosecutorial disclosure under certain defined [*3]circumstances (see, CPL 240.40 [1] [c])"]). In any event, defendant made no showing of "materiality or reasonableness" with respect to the requested documentation (People v Alvarez, 38 AD3d at 933; see also People v Riggins, 298 AD2d 192, 193 [2002] [police arrest records need not be disclosed pursuant to the Rosario rule]).
In light of the fact that defendant pleaded guilty to driving while intoxicated (per se), we need not address his contention that the District Court should have suppressed his statements.
Accordingly, the judgment of conviction is affirmed. 
MARANO, P.J., GARGUILO and BRANDS, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: June 21, 2018