People v Guity (2024 NY Slip Op 00363)

People v Guity

2024 NY Slip Op 00363

Decided on January 25, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 25, 2024

Before: Singh, J.P., Moulton, Kapnick, Shulman, Rosado, JJ. 

Ind. No. 3452/18 Appeal No. 991 Case No. 2020-03501 

[*1]The People of the State of New York, Respondent,
v
Melvin Guity, Defendant-Appellant.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Benjamin Rutkin-Becker of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (John T. Hughes of counsel), for respondent.

Judgment, Supreme Court, New York County (Michele Rodney, J.), rendered March 5, 2020, convicting defendant, after a jury trial, of criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree (two counts), and criminal possession of a firearm (two counts), and sentencing him to an aggregate term of five years, unanimously affirmed.
Defendant argues that it is unconstitutional to convict him for unlicensed possession of a firearm — particularly given that he is licensed to carry firearms in another state — or for possession of a large-capacity magazine. These challenges are unpreserved, and we decline to consider them in the interest of justice (see People v Cabrera, — NY3d —, —, 2023 NY Slip Op 05968, *2-7 [2023]; People v Adames, 216 AD3d 519 [1st Dept 2023], lv denied 40 NY3d 949 [2023]). As an alternative holding, considering defendant's arguments on the present record, we find that defendant has failed to establish that the challenged Penal Law violate either the Second Amendment (see New York State Rifle & Pistol Assn., Inc. v Bruen, 597 US 1, 38 n 9 [2022]; id. at 80 [Kavanaugh, J., concurring]; People v Garcia, — NY3d —, —, 2023 NY Slip Op 05969, *6-7 [2023] [Rivera, J., dissenting]; Duncan v Bonta, 83 F4th 803, 806 [9th Cir 2023]) or the Privileges and Immunities Clause (see Bach v Pataki, 408 F3d 75, 91-94 [2d Cir 2005], cert denied 546 US 1174 [2006], overruled on other grounds by McDonald v City of Chicago, 561 US 742 [2010]).
We likewise decline to reach defendant's remaining constitutional challenges, which are similarly unpreserved, and reject them too as an alternative holding. Defendant failed to establish that the imposition of a higher sentence for unlawful possession of a firearm in public, as opposed to in-home possession, violates the Equal Protection or Due Process Clause (see People v Parker, 41 NY2d 21, 25 [1976]; People v Johnson, 38 AD3d 1057, 1059 [3d Dept 2007]). The sentence imposed was not grossly disproportionate to the crime and, thus, did not violate defendant's Eighth Amendment right against cruel and unusual punishments (see People v Thompson, 83 NY2d 477 [1994]).
Defendant's application pursuant to Batson v Kentucky (476 US 79 [1986]) was properly denied on the ground that defendant did not make out a prima facie case of discrimination. The numerical assertion, without more, was insufficient to satisfy his initial burden (see People v Brown, 97 NY2d 500, 507-508 [2002]; People v Guardino, 62 AD3d 544, 545-546 [1st Dept 2009], affd sub nom. People v Hecker, 15 NY3d 625 [2010], cert denied 563 US 947 [2011]). Defendant's additional arguments based on the backgrounds of the prospective jurors are unpreserved, and we decline to address them in the interest of justice (see People v Solares, 309 AD2d 502, 503 [1st Dept 2003], lv denied 1 NY3d 581 [2003]).
We find no basis for reducing defendant's sentence.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME [*2]COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 25, 2024